ALVAH W. COCKRELL v. TEXAS & NEW ORLEANS RAILWAY
COMPANY.

Decided October 13, 1904.

**1.—Injury to Minor—Discretion—Burden of Proof.**

In an action against a railway company for injury to a minor the burden. is upon plaintiff to show by affirmative proof that he was not of such discretion as to realize the danger of placing himself in a position where he was likely to be injured.

**2.—Same—Contributory Negligence.**

Evidence that plaintiff was a bright, smart boy, over 16 years of age, had attended school seven years, was familiar with trains and had ridden in freight cars before, and the further fact that on the occasion of his injury when he got on top of the box car he took the precaution to brace his feet against the handhold and to grasp the running board with his hands, held sufficient to show knowledge of the danger of riding thus and of falling asleep in that position, and to justify .the court in refusing to submit to the jury the question of his knowledge and realization of his danger.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*Lovejoy & Malevinsky,* for appellant.

*Baker, Botts, Baker & Lovett* and *Andrews, Ball & Streetman,* for appellee.

GILL, ASSOCIATE JUSTICE.—This is a suit by appellant to recover of appellee damages for personal injuries alleged +o have been sustained by him by reason of the negligence of the defendant railway company. After hearing the evidence the trial court instructed a verdict for the company.

Plaintiff averred in substance that on November 21, 1902, with the knowledge and consent of defendant and its servants he was riding on the top of a box car of one of defendant's freight trains running from Houston, Texas, to Beaumont. That while so riding and while the train was in motion he was either thrown off by one of defendant's brakemen duly· authorized so to do, or else he fell from said train. That as a result the train ran over him, cut off his right arm and right leg, and otherwise injured him. He further alleges that at the time of his injuries he was a minor 16 years of age and did not know or appreciate the peril to which he was exposed in riding on top of the car.

The negligence alleged against defendant was that with full knowledge of his minority and lack of judgment and discretion the operativ3s in charge of the train carelessly allowed and invited plaintiff to ride thereon and negligently failed to stop the train and place him in a safer place.

In bar of the action defendant pleaded a general denial, averred that plaintiff was a trespasser to whom no duty was owing, and further that

his injuries were due to his negligence in placing himself in a danger-
ous position and to his negligent conduct while there.

Under five assignments of error plaintiff assails the action of the trial
court in taking the cause from the jury. In passing upon these assign-
ments it is necessary to consider the question from plaintiff's side of
the case as to the facts, so we set out in substance but at some length the
testimony of plaintiff. He was the only witness called by that side as
to the circumstances attending the accident.

He stated that he was 16 years and 4 months old at the time he was
hurt. That on the day preceding the night of the accident he left
Dallas (where he and his mother were living) intending to go to Beau-
mont. That when he left he had no money and his mother knew it.
That he got on a Houston & Texas Central freight train at Dallas and
rode as far as Hearne in a box car. That he got in the box car to avoid
the danger of riding on top and to keep the employes from seeing him.
That when he got to Hearne he left the box car, as that was the end of
the division and the car was to go no further, and got upon the end of
an oil tank car and rode from Hearne to Houston. On arrival at Hous-
ton he went to the Houston East & West Texas crossing and boarded the
defendant's freight train bound for Beaumont. Got on top of a car
about ten cars from the engine. Before he got to Crosby, a station a
few miles out of Houston, a brakeman came to him, asked him if he
had any money, and being answered in the negative told plaintiff to
get off when the train stopped at Crosby. This the plaintiff did, when
another brakeman spoke to him while he was on the ground and asked
him where he was going. Plaintiff told him he wanted to go to Beau-
mont. This brakeman also asked if he had money and when told no,
replied "Well, this is not Beaumont. You need not get off." There-
upon the brakeman went to another part of the train attending to his
duties and plaintiff climbed upon a box car of the train about the tenth
car from the caboose and an equal distance from the engine. He lay
down on the top of the car, braced his feet against the handhold on top
of the end of the car and put his right arm under the running board
to prevent the motion of the train from throwing him off. His face
was slightly toward the engine. He further testifies that a short dis-
tance out of Crosby in the direction of Beaumont, and while he was
lying as above described, he felt three blows upon his head and saw
each time a flash of light, and that thereafter he knew nothing until
he regained consciousness hours afterwards and found himself lying
between the rails with his right arm and right leg crushed. Some
Mexicans found him and took him to a station, from whence he was
sent to the railway hospital at Houston and cared for. The plaintiff
explicitly denies that he ever at any time fell asleep upon the car, and
as explicitly swears that the cause of his fall was the three blows upon
his head.

Defendant's head brakeman, Nooner, testified that he did not see
plaintiff at Crosby and denies that he made any inquiry about money

or told plaintiff he need not get off. He further states that after they left Crosby he was passing over the train in the direction of the engine, inspecting the brakes, when he found a boy of about plaintiff's age lying near the edge of a box car asleep, and perceiving his dangerous position awoke him, made him get on the running board, and told him to get off at the next stop. He saw the boy was small and a minor. Knew it was dangerous for him to ride on top of the car, but thought that was all he was called on to do and went on about his duties. Saw another person on the next car at the same time. He did not see either at the next stop and supposed they got off.

None of the train operatives was acquainted with plaintiff, and both brakemen testify that they neither permitted him to ride or struck him or ejected him forcibly or otherwise.

The rules of defendant in force at the time expressly forbade the carrying of passengers either with or without compensation, and none of the train operatives had authority to permit plaintiff to ride thereon.

On the issue of his discretion, knowledge and comprehension of the danger of riding on top of a freight car, the plaintiff testified (in addition to what has been stated) to the following effect: He had attended school from the time he was 7 until he was 14 years of age. He lived in Corsicana, where there were two railroads, and at Ennis, which is also a railway station. In Dallas he and his mother lived near the Texas & Pacific Railroad. He had made two trips to Ennis and return, riding each time in an empty freight car. He rode in the car to keep from falling off and to keep from being seen. He had worked in Dallas restaurants for wages seven months before starting to Beaumont. His mother testified that he was a bright, smart boy.

Appellant in his brief does not insist that the testimony as to the assault presents the issue of liability, but presents as the only question for our determination whether the court erred in taking from the jury the question of his knowledge, discretion and realization of the peril of riding on the top of a box car, it being insisted that the testimony of Nooner, the head brakeman, makes a case for the jury, he having, according to his statement, discovered appellant asleep upon the car, realized his danger and his minority, and failed either to immediately stop the train and put him off or take him to a place of safety.

We are of opinion the case turns upon the inquiry whether the undisputed facts disclose that appellant was of such age and discretion as to realize his danger and was therefore subject to the charge of contributory negligence in assuming the position he did or in falling asleep upon the car, and to this question alone we address this opinion. It should be stated first, however, that there is no complaint that the train was run at a high rate of speed or otherwise recklessly handled after the discovery of appellant on the car. Nor is it contended that plaintiff had the right to be where he was under any proof adduced upon the trial. The cause is here upon the theory that plaintiff knew it was

against the rules of defendant for him to ride upon any of their freight trains.

We shall dispose of the case in the light of but one authority, viz.: St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 136, which we regard as conclusive of plaintiff's asserted rights. In that case a boy practically 12 years of age, in company with two younger companions, was killed while either walking or asleep upon a railway track. The accident occurred at night and he was not seen by the trainmen. The railway pleaded contributory negligence on his part in bar of a suit by his parents to recover for his death.

The plaintiffs in that case showed his age, the fact that he was a country boy living two miles from a railway station, and adduced witnesses who knew him and who testified that in their opinion he was not of such age and discretion as to realize the danger of falling asleep upon a railway track. Other testimony showed that he and his companions had walked ten miles and back on the railroad on that day, and that theretofore he had been about the railway station and seen trains in operation. It was also made to appear that he could read some but could not write, and was a boy of fairly good mind for his age.

Upon these facts Justice Brown of our Supreme Court held that the burden was upon plaintiffs to show by affirmative proof that deceased was not of such discretion as to realize the danger of his act and that the proof adduced did not present an issue for the jury.

The case we have under consideration is much stronger for defendant for reasons which are apparent from the facts stated. Appellant was over 16 years of age; had on former occasions evinced a full comprehension of the danger of riding on box cars, and on the occasion in question took the precaution to brace his feet against the handhold and hold to the running board. Realizing the danger to this extent, it is absurd to say he did not realize the added danger of falling asleep in such a position. This being true he is subject to the charge of contributory negligence, nor is its sufficiency as a defense affected by the fact that Nooner observed his apparent age and size and knew that his position on the car was more dangerous than a place in the caboose.

The facts do not invoke the doctrine of discovered peril. Manifestly the danger of falling was not imminent while plaintiff was awake, for in that state he fully realized his peril and averted it by holding to the running board.

We are of opinion the evidence does not present the issue of want of knowledge and discretion, and that it further appears beyond dispute upon the phase of the case presented by appellant's brief that plaintiff's injuries were due to his own negligence.

For the reasons given the judgment is affirmed.

*Affirmed.*