St. Louis Southwestern Ry. Co. of Texas v. F. A. Shiflet et al.

Decided December 31, 1904.

**1.—Case Followed—Issue not Raised—Discretion of Child.**

The evidence on this appeal being the same as when the case was before the Supreme Court, as reported in 94 Texas, 131, it is held, following the ruling therein, that the trial court erred in submitting to the jury the issue of whether plaintiff's son was of sufficient discretion to realize the danger of going to sleep on the railway track, since the evidence did not warrant its submission.

**2.—Child—Discretion—Going on Railroad Track.**

The fact that a boy fell asleep on a railroad track is not sufficient to show that he had not discretion enough to realize the danger of lying down upon the track where the natural inclination to sleep would enhance his danger.

**3.—Action for Death—Measure of Damages.**

In an action by a parent for damages resulting from the death of a son a charge that the jury should assess the damages at such sum as would be equal to the present money value (if paid now) of such aid as plaintiff had a

reasonable expectation of receiving from the son, had he lived, is held (follow-
ing opinion of the Supreme Court on certified question herein), not objectionable
as prescribing a mathematical rule, which did not leave to the jury that dis-
cretion given by the statute.

Appeal from the District Court of Henderson. Tried below before
Hon. John Young Gooch.

*E. B. Perkins* and *Frost & Neblett*, for appellant.—1.    There was no
evidence before the jury under which they could rightfully have found
that the deceased, Thomas Shiflet, was so wanting in knowledge of the
danger of his position and so incapable of appreciating that danger as
to excuse him for being in such position of danger and it was error to
send such issue to the jury for which the judgment should be reversed.
Porter v. Railway, 73 Texas, 304; Krenzer v. Railway Co., 5 American
Neg. Rep., 137; Houston & T. C. Ry. Co. v. Boozer, 2 Posey's Un. Cas.,
452; G. H. & S. A. Ry. Co. v. Chambers, 73 Texas, 296; Joskie v.
Irvine, 91 Texas; Over v. Railway Co., 7 Texas Ct. Rep., 347; Gulf,
C. & S. F. Ry. Co. v. Langford, 88 Texas, 563; Texas Loan Agency v.
Fleming, 92 Texas, 458; Myning v. Railway Co., 54 Mich., 93; Im-
provement Co. v. Munson, 14 Wallace, 486; Sanches v. Railway Co., 88
Texas, 117; Railway Co. v. Ryon, 80 Texas, 59; McDonald v. Railway
Co., 86 Texas, 1; Washington v. Railway Co., 90 Texas, 319; Railway
Co. v. Faber, 77 Texas, 153; Crawford v. Railway Co., 89 Texas, 92;
Douglas v. Railway Co., 90 Texas, 125.

The court erred in permitting the plaintiff and his witnesses to tes-
tify that the deceased did not have sufficient intelligence to comprehend
and realize that if he was tired and weary and sat down on the railroad
track he might go to sleep, and did not have sufficient intelligence to
realize the danger of such act.

This testimony presented a false standard and a false issue, and for
this reason was calculated to mislead the jury and its admission was
material error, the issue being the ability and capacity of the deceased
boy to know that a railroad track was a dangerous place at the time of
his injury, and the likelihood of being injured by remaining thereon,
and not the likelihood and probability of his going to sleep thereon.
Railway Co. v. Shiflet, 94 Texas, 140; Over v. Railway Co., 7 Texas
Ct. Rep., 347.

3.    The charge complained of is erroneous for which the judgment
should be reversed, because it submits to the jury the issue as to whether
it was negligence in the deceased to go to sleep on the railroad track,
and makes such issue doubtful, while the uncontradicted testimony
shows that it was negligence in the deceased to go to sleep on the railroad
track, and the jury should have been so instructed.    Gage v. Tucker,
5 Texas Ct. Rep., 335; Railway Co. v. Wisenor, 66 Texas, 474; Railway
Co. v. Gilmore, 62 Texas, 391; Railway Co. v. Shiflet, 94 Texas, 131.

4.    The charge complained of is erroneous because it instructs and
commands the jury to allow appellees, as damages, the reasonable value
of the services of their minor boy until he arrives at the age of 21 years,
and prohibits the jury from allowing and assessing a sum less than the
reasonable value of his services during the period of his minority as

compensation for the loss of such services during said period of minority.  Rev. Stat., art. 3027; Railway Co. v. Lester, 75 Texas, 61; Oil Co. v. Burns, 7 Texas Ct. Rep., 565; Traction Co. v. White, 94 Texas, 468; International Light and Power Co. v. Maxwell, 65 S. W. Rep., 79; Gonzales v. Adoue, 94 Texas, 120; Ft. W. & D. C. Ry. Co. v. Shetter, 94 Texas, 196; Ft. Worth & D. C. Ry. Co. v. Morrison, 93 Texas, 527; Railway Co. v. Worthy, 87 Texas, 459.

*Richardson, Watkins & Miller,* for appellees.—1.    Where it is shown that a child of immature years and without discretion is rightfully upon the track of a railway, in a worn out and broken condition, at night, and falls asleep and is killed, it is error for the court to invade the province of the jury and direct a verdict, since its want of judgment and discretion and mental condition under the surrounding circumstances are facts of the highest consequence in determining the issue of contributory negligence.  Railway Co. v. Shiflet, 94 Texas, 131; Shiflet v. Railway Co., 44 S. W., 918; Railway Co. v. Shiflet, 56 S. W., 697; Cook v. Navigation Co., 76 Texas, 353; Railway Co. v. Simpson, 60 Texas, 103; Evansich v. Railway Co., 57 Texas, 126; Railway Co. v. Jazo, 25 S. W., 714; Railway Co. v. Hewett, 67 Texas, 479; Railway Co. v. Vaughn, 5 Texas Civ. App., 200; Railway Co. v. Watkins, 88 Texas, 29; Railway Co. v. Artusy, 73 Texas, 192; Railway Co. v. McDonald, 75 Texas, 45; Railway Co. v. O'Donnell, 58 Texas, 42; Texas & P. Railway Co. v. Phillips, 37 S. W. Rep., 620; Railway Co. v. Woodward, 63 S. W. Rep., 1051.

RAINEY, Chief Justice.—Appellees, plaintiffs below, sued appellant railway company to recover damages alleged to have resulted to them from the death of their minor son, Thomas, through the alleged negligence of appellant.

Defendant answered by general and special demurrers, general denial and contributory negligence on the part of Thomas Shiflet, the minor son.  Upon trial judgment was rendered for plaintiffs, and the railway company prosecuted this appeal.

The case has been tried four times in the District Court.  This is the third time it has been before the Courts of Civil Appeals.  See 44 S. W. Rep., 918 and 56 S. W. Rep., 697, and once passed upon by the Supreme Court, 94 Texas, 131.  Thomas Shiflet was killed at night by being run over by one of appellant's trains.  With the exception of some additional evidence as to persons frequenting the track where the accident happened, the facts are substantially the same as stated in 94 Texas, 131, to which reference is here made.  There are numerous assignments of error and corresponding propositions, but only three we deem it necessary to discuss, the others being without merit.

1.    The court in its charge to the jury submitted the question whether or not Thomas Shiflet was of sufficient intelligence and discretion to understand and appreciate the danger of being on the railroad track at the time and place of the injury.  The evidence on this issue is the same as when before the Supreme Court (94 Texas, 131), and in passing upon the same that court said:  "There being no evidence to sus-

tain the finding that Thomas Shiflet was without sufficient discretion and judgment to understand and appreciate the danger of his position, the District Court erred in submitting that issue to the jury, for which error the judgments of the District Court and Court of Civil Appeals are reversed and this cause is remanded." The issue here presented being identical with that passed upon by the Supreme Court, and this court being bound by the decisions of that court, we hold that the action of the trial court in the particular stated was error.

But it is suggested by appellees that the case is cast upon a different line, in that the issue of deceased being on the track as a licensee was submitted, which was not done on the former trial; and we infer from the argument of counsel that they have this idea from the language used in the case in 94 Texas, 131, where the Supreme Court refers to the fact that the issue of deceased being rightfully on the track not having been submitted that the court intimates that had said issue been submitted and been found favorable to appellant the case would have been affirmed, or if not that, that the charge on the question of Thomas Shiflet's discretion would have been appropriate, or at least harmless.

If said language is susceptible of such a construction we do not think the court intended to so hold, for if it did it would have been very easy to have so stated. That opinion distinctly holds that there was no evidence authorizing a charge on the want of discretion. The issue of contributory negligence. is clearly raised by the evidence, and the submission of a charge on the question of discretion partly eliminated the issue of contributory negligence, for the jury may have found the want of discretion, and if they did so find, contributory negligence was eliminated.

2.   The court also erred in permitting the introduction of testimony to the effect that Thomas Shiflet did not have sufficient intelligence to appreciate and realize that if he sat down upon the track while weary and tired at night he might go to sleep, and also in submitting that as an issue to the jury. In St. Louis S. W. Ry. Co. v. Shiflet, 94 Texas, 131, the Supreme Court, after discussing the evidence and holding that it was not sufficient to show a want of discretion by his falling asleep, says: "Admitting that all boys are liable to fall asleep when they lie down, this does not excuse a boy who is conscious of his danger for lying or sitting down in a place of danger, and thereby through his own act subjects himself to that infirmity. The natural inclination to sleep did not induce him to go upon the track, but it enhanced the danger to himself." Under this holding the evidence should not have been admitted as it was not pertinent to any issue in the case.

3.   The court charged on the measure of damages as follows: "In case you find for the plaintiffs you will assess the damages at such sum of money as you believe from the evidence will be equal to the present money value (if paid now all at one time) of such aid as plaintiff had a reasonable expectation of receiving from the deceased, Thomas Shiflet, after he was twenty-one years old, if he had lived, and the reasonable value of the services of said minor until he arrived at 21 years of age."

This charge is in effect the same as the special charge discussed in Merchants & P. Oil Co. v. Burns, 96 Texas, 673, 7 Texas Ct. Rep., 565,

and the charge in Traction Co. v. White, 94 Texas, 468, wherein it was held that a mathematical rule was prescribed and did not leave to the jury that discretion given by the statute. For a discussion of the rule see the cases mentioned. Also Galveston, H. & S. A. Ry. Co. v. Worthy, 87 Texas, 459; Galveston v. Barbour, 62 Texas, 172; Railway Co. v. Turner, this day decided by this court. The charge did not present the proper rule, and was therefore error.

For the reasons stated the judgment is reversed and cause remanded.

*Reversed and remanded.*

### ON REHEARING.

Since rendering the original opinion herein we certified several questions to the Supreme Court and in answer to the one relating to the charge on the measure of damages the Supreme Court held that we were wrong (98 Texas, 104, 81 S. W. Rep., 524), and we therefore reverse our ruling on that point. The said court did not then answer another question certified on the ground that the certificate did not embrace the charge that was made the subject of inquiry, etc. We then certified again the same question, in answer to which it sustained our holding. 98 Texas, 326, 11 Texas Ct. Rep., 488.

The motion for rehearing will be overruled.

In the last opinion the Supreme Court made the following comment, viz: "We take occasion to add that this is the second certificate which has been sent to this court in this case; and that as we think the practice of sending up successive certificates upon the same appeal is not to be commended." This gentle reprimand is calculated to make the impression that this court, at least, was in the habit of such practice. Such, however, is not the case. This instance is the first, so far as we remember, and we felt justified in recertifying the question, as it was one about which there was some difference of opinion among the members of this court. We thought the first certificate was sufficient, but the Supreme Court was of a different opinion. Had that court, before acting upon the certificate, intimated to us that it was not sufficient the defect would have been supplied. As the question was not answered and it embraced the main point upon which we based a reversal of the case, and believing an answer of the Supreme Court would shorten litigation, we certified the question a second time.