## MANLOVE et ux. v. LAVELLE et al.
### (No. 6617.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 30, 1921.)

**1. Municipal corporations ⬥706(9)—Findings that bicycle was operated at negligent speed, but was under control, not in conflict.**

In an action for injuries sustained in a collision between an automobile and a bicycle, special findings that plaintiff was operating his bicycle at a negligent rate of speed and that he had his bicycle under control were not in conflict, as a vehicle may be traveling at a highly excessive rate of speed and yet be under such control as to proceed in safety in the normal course unless unexpected danger suddenly intervenes which could not have been reasonably anticipated.

**2. Municipal corporations ⬥706(8)—Charge as to degree of care required of boy not warranted under the evidence.**

In an action for injuries sustained by a boy 16 years old in a collision between an automobile and a bicycle, where there was no evidence that he was not possessed of normal faculties, it was error to charge that ordinary care was that degree of care that a person of the same age, intelligence, and experience as plaintiff would exercise under similar circumstances.

**3. Negligence ⬥122(6)—Child presumed to appreciate dangers.**

Unless the evidence shows a child to be so wanting in age, experience, or ordinary mental faculties as to impair its discretion, it is presumed to know and appreciate, as fully as an adult, the dangers and probable consequences of its acts.

**4. Negligence ⬥122(6)—Child has burden of proving disabilities.**

The question whether a child suing for injuries is so wanting in age, experience, or ordinary mental faculties as not to know and appreciate the dangers and probable consequences of its acts is one of fact, and the burden of proving such disabilities is on plaintiff.

**5. Appeal and error ⬥1066—Inapplicable instruction as to degree of care required of boy not harmless.**

Where the jury found that a bicycle rider, a boy 16 years old, colliding with an automobile, did not fail to keep a reasonably careful lookout, an instruction, warranted by no evidence of any disability, that he was a minor, and that ordinary care was that degree of care that a person of his age, intelligence, and experience would exercise under the same circumstances, was not harmless, as such finding involved the question of negligence, and moreover, the jury might have inferred that he was entitled, because of his minority, to special consideration on every issue in the case.

**6. Trial ⬥350(6, 7)—Special issues as to signal and failure to see it to be submitted.**

In an action for injuries sustained by a bicycle rider in a collision with an automobile,

special issues as to whether the automobile driver gave a hand signal of her intention to turn into an intersecting street, whether the bicycle rider was negligent in not seeing such signal, and whether such negligence was the proximate cause of his injuries, should be submitted, when such issues are pleaded and raised by the evidence, they being material.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Action by Thomas Lavelle, by next friend, and another against W. C. Manlove and wife. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Cobbs, Blankenbecker & Wiggin, of San Antonio, for appellants.

Perry J. Lewis, H. C. Carter, Champe G. Carter, and Randolph L. Carter, all of San Antonio, for appellees.

SMITH, J. An automobile driven by Mrs. W. C. Manlove and a bicycle ridden by Thomas Lavelle, a 15½ year old boy, collided at the intersection of Taylor and Fourth streets, in San Antonio, resulting in certain injuries to Lavelle. Mrs. Glory Lavelle, for herself and as next friend of the injured boy, her son, brought suit against Mrs. Manlove and the latter's husband, resulting in the recovery of a judgment in favor of Mrs. Lavelle for $300, and in favor of the son for $500. The acts of negligence charged against Mrs. Manlove were that she failed to keep a proper lookout in turning into Taylor street from Fourth street, failed to keep her automobile under control, and was operating the car at an excessive rate of speed; that she failed to give any signal of her intention to turn into Taylor street, failed to blow her automobile horn or signal with the hand, and, in turning into Taylor from Fourth street, did not pass beyond the center of the intersection of the streets before making the turn, thereby "cutting the corner"; and that Mrs. Manlove discovered the peril of the boy in time to have avoided the collision with the means at hand, but did not do so. The defendants charged Lavelle with contributory negligence in failing to keep a proper lookout, in failing to see and heed Mrs. Manlove's hand signals; that he operated his bicycle in a careless manner, and at a negligent rate of speed, and went out of his way in an effort to run his wheel around in front of the automobile after the latter had passed beyond the center of the street intersection.

In response to special issues submitted to them the jury found that both Mrs. Manlove and Lavelle were operating their vehicles at a negligent rate of speed under the circumstances, but had their respective vehicles "under control," and that the negligent rate of speed in neither case was the proximate cause of the accident. The jury also found

that Mrs. Manlove did not discover Lavelle's peril in time to avoid the accident with the means at hand, and that, although she did not sound her automobile horn at the time of turning into Taylor street, the failure to do so did not cause or contribute to the accident. The jury further found that Lavelle kept a proper lookout for other vehicles, did not pass any other cars at the intersection of the two streets mentioned, and did not attempt to run around in front of Mrs. Manlove's car. The court did not submit to the jury the issue of whether or not Mrs. Manlove kept a proper lookout for other vehicles, nor was the submission of such issue requested. The court also refused appellant's request for the submission of the issue of whether or not Mrs. Manlove signaled, with her hand, her intention to turn from Fourth street into Taylor.

It will be seen, then, that the questions of the rate of speed, and of the control of the vehicles, were eliminated from the case as to both parties, as were also the questions of discovered peril on the part of Mrs. Manlove and of contributory negligence of Lavelle. This left in the case but one submitted issue: Did Mrs. Manlove, in turning from Fourth street into Taylor, fail to pass beyond the center of the intersection before making the turn, and thereby "cut the corner"? On this issue the jury found against Mrs. Manlove, and further found that this movement on her part, made in this way, was the proximate cause of the accident.

[1] Appellants urge with much force that the finding of the jury that Lavelle had his bicycle under control just before and at the time of the accident is in conflict with the further finding that Lavelle was operating his bicycle at a negligent rate of speed at that time. We do not understand that control and excessive speed are inconsistent in the operation of a vehicle. The jury evidently did not think so in this case, because they found that, while both Mrs. Manlove and Lavelle were moving too fast, they had their respective vehicles under control. A vehicle may be traveling at a highly excessive rate of speed, and yet be under such control as to proceed in safety in the normal course unless some unexpected danger suddenly intervenes which could not have reasonably been anticipated. Here, according to the jury's findings, Lavelle was traveling at a negligent rate of speed, but had his wheel under control, and, but for the fact that an approaching car suddenly and unexpectedly cut a corner and intercepted him, he would have pursued his course in safety. Appellants' fifth assignment of error raising this question is overruled, as is also the seventh assignment, for the same reasons.

[2-4] In their eighth assignment of error appellants complain of the following instruction to the jury:

"In connection with the question relating to contributory negligence, I charge you that the plaintiff Thomas Lavelle is a minor, and the term 'negligence,' as used in said terms, means the failure to exercise ordinary care; and ordinary care is that degree of care that a person of the same age, intelligence, and experience as the plaintiff Thomas Lavelle would exercise under the same or similar circumstances."

Appellants contend that this charge was erroneous in that:

"The plaintiff being at the time of the accident about 16 years old and well experienced in the riding of a bicycle on the streets, and there being no evidence whatever that he was not possessed of normal faculties or that any negligent act of his in the riding of his bicycle is excused by his want of discretion, he was conclusively presumed to have been capable of contributory negligence."

This assignment must be sustained. While it is true that the degree of care imposed upon a child of tender years in determining its negligence in a given case is only such care as an ordinarily prudent person of like age, experience, and intelligence would exercise under the same or similar circumstances, yet it is equally true that, unless the evidence in a given case shows or tends to show the child to be so wanting in age, experience, or ordinary mental faculties as to impair its discretion, it is presumed to know and appreciate, as fully as an adult, the dangers and probable consequences of its acts. The question is one of fact, and the burden of proving those disabilities of the child is upon the plaintiff in an action to recover for injuries sustained by it; and, when there is no affirmative evidence of such disabilities, it seems to be universally held that it is reversible error for the court to submit the issue to the jury. Railway Co. v. Shiflett, 94 Tex. 131, 58 S. W. 945; Over v. Railway Co., 73 S. W. 535; Cockrell v. Railway Co., 36 Tex. Civ. App. 559, 82 S. W. 529; Railway Co. v. Shiflett, 37 Tex. Civ. App. 541, 84 S. W. 247; Heflin v. Railway Co. 159 S. W. 499; Railway Co. v. Trigo, 101 S. W. 254; Dudley v. Hawkins, 183 S. W. 776; Railway Co. v. Anderson, 187 S. W. 491; Traction Co. v. Kumpf, 99 S. W. 863; Dowlen v. Texas, etc., Co., 174 S. W. 674; Waterworks Co. v. White, 44 S. W. 181. The case first cited, Railway Co. v. Shiflett, was originally decided by this court, which held that under the facts the rule was properly applied to the minor, a boy less than 12 years old, but the Supreme Court reversed the decision, upon the sole ground that there was not sufficient testimony of the lack of discretion in the child to warrant the court in submitting the issue to the jury, or to warrant the jury in finding in favor of the plaintiff upon the issue, and in so holding the Supreme Court, Judge Brown writing the opinion, said:

"We must treat the case as if the fact that the deceased was guilty of negligence in being upon the defendant's track had been found by the jury. In determining the question of the responsibility of deceased, we can consider only the testimony which supports the action of the court, and we must give to that evidence full weight, indulging every inference that a jury might properly draw from it, and if a jury could have properly concluded that Thomas Shiflett was of such immature age and so wanting in discretion and intelligence that he did not understand and appreciate the danger of being upon the track of the defendant's railroad at the time and place of the accident, the judgment must be affirmed; otherwise it must be reversed.

"The evidence showed that Thomas Shiflett was between 11 and 12 years old, most probably within 2 months of the latter age. This does not bring him within the age at which courts have held a child to be exempt, as a matter of law, from the charge of contributory negligence, neither does it place him at such age as the court will, as a matter of law, hold that he was responsible for his acts. It was a question of fact for the jury to be determined upon the evidence adduced before them. If there was no evidence upon the subject, the issue should not have been submitted, or, having been submitted, the jury ought to have found for the defendant, because it devolved upon the plaintiff to show that, for want of discretion, the negligent act of the deceased was not imputable to him."

[5] Appellees cite a number of authorities in support of the charge as given, but none of them go so far as to question the rule laid down in the Shiflett Case, while some of them expressly approve that rule. It is contended by appellee that the charge in this case was harmless, because the findings of the jury acquitted appellee of every act upon which negligence on his part could have been founded. This is true, except as to the finding that appellee did not fail to keep a reasonably careful lookout for other vehicles, but we think that finding very clearly involves the question of negligence, and that the jury, in reaching an answer to the whole question, could, and probably did, consider the charge as to appellee's minority, and made allowance for his youth under the authority of the charge. We cannot say, either, that the charge did not influence the jury's findings upon either or every other issue submitted to them. Their attention was very pointedly called to the fact that appellee was "a minor," and in such way that the jury may have inferred that he was entitled to special consideration on that account upon every issue in the case, while as a matter of fact there was not only no testimony warranting such consideration, but the evidence showed that he had been riding a bicycle on the streets of San Antonio for three years, and indicated that he possessed at least average intelligence. This objection to the charge is very well illustrated in the following from

an opinion by Associate Justice Neill in Traction Co. v. Kumpf, supra:

"The court instructed the jury that, in considering whether Arthur Kumpf was guilty of contributory negligence, it must take into consideration his age and intelligence, and all other circumstances and conditions by which he was surrounded. This is objected to as a comment on the weight of the evidence in calling the jury's attention to particular facts and circumstances connected with the case. Arthur was 15 years old when the accident occurred, and there was no testimony tending to show that he did not have such intelligence as is ordinary to boys of his age, who would ordinarily be capable of exercising as much care in crossing a street railway as an adult; and we hardly think that the court should have called the attention of the jury to his age and intelligence in considering whether he was guilty of contributory negligence in driving upon the track in front of a moving car."

[6] Appellants complain in their second, third, and fourth assignments of error of the refusal of the court to submit to the jury special issues 12, 13, and 13a, which were grouped by appellants in one request, embracing the questions of whether or not Mrs. Manlove gave a hand signal of her intention of turning into Taylor street, whether or not Lavelle was guilty of negligence in not seeing such signal, "if he did not," and whether or not such negligence was the proximate cause of his injuries. While it is doubtful if there was error in the refusal of this request in the form presented, we suggest that upon another trial the questions involved therein should be submitted to the jury upon proper request. The issues were particularly pleaded by appellant, were raised by the evidence, and were material.

The first, sixth, ninth, and tenth assignments of error relate to the effect or sufficiency of the evidence on the whole case, on the question of contributory negligence, and on the permanency of Lavelle's injuries. We think the testimony, however, was sufficient to raise these issues, and overrule those assignments.

The judgment is reversed, and the cause remanded.