**STAMPER et ux. v. SCHOLTZ et al.**

No. 8457.

Court of Civil Appeals of Texas. San Antonio.

June 11, 1930.

Rehearing Denied July 2, 1930.

See, also, 17 S.W.(2d) 184.

R. G. Storey, of Dallas, and A. A. Seeligson and L. M. Patterson, both of San Antonio, for appellants.

Douglas & Black, Claud J. Carter, and Charles W. Anderson, all of San Antonio, for appellees.

FLY, C. J.

This is a suit for damages instituted by J. J. Scholtz for himself and his minor son, Joseph Scholtz, against R. C. Stamper and Mrs. R. C. Stamper, alleged to have resulted from the negligence of Mrs. Stamper in driving her automobile against and upon said Joseph Scholtz, at a time when he was riding his bicycle along a street in the city of San Antonio. The cause was elaborately presented for consideration of the jury through twenty-three special issues, and upon the answers judgment was rendered in favor of the father, J. J. Scholtz, for $1,000, and in favor of Joseph Scholtz in the sum of $5,000, and for a medical bill of $709.

The facts show that Mrs. Stamper was driving her automobile along a street, and that Joseph Scholtz was riding a bicycle along the same street in the same direction that the automobile was going. The collision occurred and the boy was seriously injured. The jury found that immediately before the accident happened Mrs. Stamper was operating the car at a dangerous rate of speed and that such act was negligence upon the part of Mrs Stamper, and that such negligence was the proximate cause of the injuries to Joseph Scholtz, that it was negligence upon the part of Mrs. Stamper when she failed to give the boy a signal of her approach and failed to keep a proper lookout, and that such negligence was a proximate cause of the injury to the boy. It was further found that the boy was not guilty of contributory negligence, and found that the accident was not unavoidable.

The statement of facts sustains the verdict of the jury. Mrs. Stamper admitted that she did not see the boy until she struck him and that she could have seen him a block ahead if she had been looking. She also stated that she was not much upset when she ran her automobile into the boy, she was looking back at the fire-house when she struck Joseph Scholtz, and she was going fast at the time. She admitted she did not see the boy until just as she struck him. When she applied the brakes, after striking the boy, the car skidded twenty-five or thirty feet on a dry pavement, indicating a fast rate of speed.

■■ The first, second, and third propositions assail the admission of expert testimony as to the rate of speed of the automobile, and base the objection to the testimony on the ground that there was no testimony as to the speed of the car. Two witnesses swore that it was running fast. Even in the absence of such testimony the evidence of the experts was permissible to show, from the circumstances detailed to them, as to what the probable speed of the automobile was at the time the boy was struck. Almost any person acquainted with the movements of cars when brakes are applied suddenly would be competent to give an opinion from the marks of the skidding and other circumstances as to the speed of the automobile. The three propositions are overruled.

The fourth, fifth, and sixth propositions assail the charge of the court as to the consideration to be given to contributory negligence in case of a minor. This question might be dismissed on the ground that there was no evidence of contributory negligence on the part of the minor, but we will consider the charge and the objections to it. The court instructed the jury as to what constituted contributory negligence, and then charged: "You are instructed in order for a minor to be guilty of contributory negligence, it is necessary for such minor to have had at the time of the accident sufficient discretion to understand and appreciate the nature and extent of the dangers encountered and of the means of avoiding the same,—and in this cause the question of whether Joseph Scholtz at the time of the accident possessed such degree of discretion is a question of fact to be decided by you under all the facts and circumstances shown by the evidence in this case." None of the objections to the charge are well founded. If the boy was shown to be above the average of boys of his age in intelligence, the question of his responsibility for contributory negligence was left to the jury, and they determined that he was not guilty of contributory negligence. He was not guilty of contributory negligence unless it was negligent for a boy to ride along the right side of a street near the curb in the light of day. The facts fail to raise the issue of contributory negligence. The propositions are overruled.

■■ As hereinbefore stated by this court, the facts made a plain case of negligence against the driver of a car on the streets of a city, looking back while driving, and while so looking back striking a boy lawfully passing along the street on a bicycle. That was sufficient proof of negligence, had there been no other evidence of negligence. The facts, however, showed that Mrs. Stamper was not only neglecting to keep a "lookout," but running rapidly, and under the facts and circumstances at a dangerous rate of speed. She gave no warning of her approach, her excuse for failing to do so being that she did not see the bicycle on a street with nothing to obstruct her view. If she had been running her car at the rate of fifteen or twenty miles an hour when she struck the boy and was looking back at the time, that was a dangerous rate of speed. The facts show a clear case of negligence on the part of Mrs.

Stamper, and all the propositions are overruled.

The judgment is affirmed.

### On Motion for Rehearing.

■ There was sufficient evidence that tended to show that Joseph Scholtz was not guilty of contributory negligence. It is true that Mrs. Stamper at one time swore that she saw the boy turning to the left, but she does not testify that she slowed up or made any effort to avoid a collision. In another part of her testimony she swore that she did not see the boy at all until she struck him. We recall the assertion that there was no evidence justifying the submission to the jury of contributory negligence of the boy, but hold that had the charge been properly objected to on the subject of minority it might have raised error. No such objection was made by appellants to the charge. The objections as to the charge on contributory negligence were as follows:

"1. Defendants object and except to all of the paragraph on page two of said charge, which relates to instructions regarding contributory negligence of the minor, for the following reasons:

"(a) Same states an erroneous instruction of law.

"(b) Said paragraph does not state the correct degree of care imposed upon a minor by law.

"(c) Because same assumes that a minor of the age of plaintiff, Joseph Scholtz, cannot be guilty of contributory negligence.

"(d) Because as a matter of law, plaintiff, Joseph Scholtz, as shown by the allegations in his petition, may be guilty of contributory negligence, if said allegations had been proven.

"(e) Because the allegations and proof showing that plaintiff was a boy of bright mentality and at the age of approximately thirteen years, then the instruction regarding the degree of care to be exercised by a child of such age and mentality would be 'that measure of care to be exercised by a child of plaintiff's age, capacity, mentality and experience, under like or similar circumtsances.'

"(f) Because said instruction is confusing, misleading, prejudicial, and is vague and indefinite."

The objections were of such a general nature as not to call attention to the defect in the charge, if there was any, and in no part of it does any objection bring the charge within the purview of the charge condemned in the case of Manlove v. Lavelle (Tex. Civ. App.) 235 S. W. 324, the cases therein cited, or any other case cited by appellants. They do not complain that the charge on minority was on the weight of the testimony, but insist that the proper charge was the one substantially given by the court. They do not claim that no charge on the subject should have been given, but tacitly admit that one should have been given embodying their views of the law. Appellants argue that Joseph Scholtz was a precocious boy, because at the age between twelve and thirteen he was in the fifth grade in a church school and had been riding a bicycle for five years. There was not one word of testimony tending to show that the boy had above ordinary mentality.

■ Appellants seem to labor under the impression that this court should credit the testimony of their witnesses, but that testimony has been discredited by the jury, and this court must find as true the evidence that sustains the verdict. There was positive evidence that the boys' on the two bicycles had not passed the car that Mrs Stamper was driving, but she caught up with them and ran into the bicycle on which Joseph Scholtz was riding. The boy who testified to these facts is called a "little boy" by appellants, but he was sixteen years of age and gave a reasonable account of the accident. Mrs. Stamper's testimony, taken by deposition, contradicted her testimony in several vital particulars. She stated in her verbal testimony that Joseph was starting across the street in front of her when she struck him, but in the deposition she stated she ran upon him and struck him from the rear. She stated on the stand that her car did not skid, but in her deposition stated that it skidded as far as across the room. If, as she swore, she struck the boy from the rear and he was going the same way she was, he must necessarily have been in front of her; and if she had been looking forward, she would necessarily have seen him.

The motion for rehearing is overruled.