G. Woodson Morris, of San Antonio, for appellant.

R. H. Mercer and Hayden C. Covington, both of San Antonio, for appellee.

## JACKSON v. WOLFF & MARX CO.

### No. 10303.

Court of Civil Appeals of Texas. San Antonio.

April 27, 1938.

SMITH, Chief Justice.

This action was brought in behalf of James Jackson, Jr., alleged to be a minor, against Wolff & Marx Company, a corporation, for damages for personal injuries alleged to have been sustained by Jackson in a collision between his bicycle, which he was riding, and a delivery truck owned by the corporation and operated by one of its employees. A jury trial resulted in a judgment denying any recovery to Jackson, who has appealed.

The jury acquitted appellee, and convicted appellant, of acts of negligence proximately causing appellant's injuries, and the court could have rendered no other judgment than that entered and appealed from.

In his first and second propositions appellant complains of the failure of the trial judge to so frame his definition of "negligence" as to impose upon appellant that degree of care exacted by law only of a child of tender years. The propositions present no showing of error; for, while appellant alleged that he was "a minor," and the witnesses in the case referred to him as a "boy," there was no evidence showing, or

tending to show, appellant was so wanting in age, experience, or ordinary mental faculties as to affect his discretion. Such a showing was necessary to entitle appellant to a charge limiting the degree of care required of him to the disabilities of a child. There was no showing that appellant was under that character of disability. On the other hand, his own testimony negatives, rather than raises, such a theory. Manlove v. Lavelle, Tex.Civ.App., 235 S.W. 324, and authorities.

In his third proposition appellant complains that in his definition of the "measure of damages" the trial judge omitted the element of loss of time. Whatever may be said of the proposition, it does not present reversible error, since the jury exonerated appellee of all elements of liability, whereby the question of the measure of damages was moot. For that reason we overrule appellant's third proposition, as well as his fourth, for a like reason.

In his fifth proposition appellant raises the question of jury misconduct. It is contended that Juror Helmer acted as foreman when not actually elected thereto, and that he wrote down the answers returned to special issues without the concurrence of some of the jurors in such answers. We overrule the proposition. It is true that two of the jurors testified to facts tending to stultify themselves and impeach their own verdict; but their testimony was so improbable as to neutralize its intended effect, and, besides, was conclusively refuted by other testimony. The trial court, therefore, properly found that there was no jury misconduct.

The judgment is affirmed.