## CITY OF BEAUMONT v. WIGGINS et al.
### No. 3567.

Court of Civil Appeals of Texas. Beaumont. Jan. 5, 1940.

Rehearing Denied Jan. 17, 1940.

Geo. E. Murphy, City Atty., and E. B. Votaw, Asst. City Atty., both of Beaumont, for appellant.

Elton Cruse, of Beaumont, for appellees.

O'QUINN, Justice.

Mrs. Frank Wiggins joined by her husband, Frank Wiggins, sued the City of Beaumont to recover damages resulting from alleged personal injuries suffered by Mrs. Wiggins on August 28, 1937, by reason of a fall which it was alleged was occasioned by a defect in the pavement in block 1100 of Elgie Street in said city. Plaintiffs, among other things, alleged that on the occasion in question, while crossing the street she stepped into a hole which

caused her to fall, causing her serious injuries. The trial was to a jury upon special issues upon the answers to which judgment was rendered in favor of plaintiffs for $3,500. This appeal is from that judgment.

In the court's charge defining "new and independent cause", as a part of said definition, this language was used: "unless the intervening cause is thus both new and independent, sufficient of itself to stand as the cause of the injury breaking the causal connection, the original wrong-doer is not relieved from legal responsibility for his wrong or negligence." It is insisted that this portion of the definition was a general charge and "caused the jury to be impressed with the effect of its answers to all issues involving proximate cause," which required a reversal of the judgment. The term objected to was used by the court in his definition of "proximate cause," and the definition of "new and independent cause" was given in explanation of same, as required under Article 2189, R.S.1925. It was not subject to the objection presented. It was neither a general charge, nor did it tend to inform the jury of the effect of their answers to the issue of proximate cause.

The first special issue submitted was No. A–1, which inquired as to whether on August 28, 1937, there was a large and deep hole in the 1100 block on Elgie Street, which was answered "Yes." Just before this issue was the charge: "You are instructed that the defendant is not an insurer of the safety of persons passing along the street, but is only obligated to keep said streets in a reasonably safe condition for the safety of persons passing thereover." Later in the charge was submitted special issue No. D–3, as follows: "Do you find from a preponderance of the evidence that the street where Mrs. Wiggins received her fall and injury, if any, at the time of and just prior to said fall and injury, if any, was not reasonably safe for travel thereover by persons exercising ordinary care?" The jury answered, "Street was not reasonably safe." The charge that the defendant was not an insurer of the safety of persons passing along the street, but was obligated only to keep the streets in a reasonably safe condition, was objected to by appellant on the grounds that it was a general charge and informed the jury of the effect of their answer for in that if they found that the street was in a reasonably

safe condition they would know that Mrs. Wiggins could not recover. We are constrained to believe that the charge was a general charge. It was not given in connection with any special issue or in explanation of any words or term used in the submission of any such issue. Appellee says that the charge was given because in a former trial of the case appellant excepted to the court's charge because the instant charge was not given, and in order to avoid a similar exception, it was given and hence it should be considered as invited error if held to be error. We do not believe that it can be thus justified. What may have occurred at another and different trial was not here involved, and, too, on further study counsel for appellant may have, and it appears did change his mind as to the correctness of the charge. It could have been eliminated upon the exception and appellant could not have consistently objected for it would have been done at his insistence. Being a general charge, it was error, and we are unable to say that it was harmless. Texas & N. O. R. Co. v. Crow, 132 Tex. 465, 123 S.W.2d 649. Humble Oil & Refining Co. v. McLean, Tex.Com. App., 280 S.W. 557; Stokes v. Snyder, Tex. Com.App., 55 S.W.2d 557.

A number of other assignments are presented but as the matters there complained need not occur upon another trial, we will not discuss them. However there is one we think should be considered for the benefit of the court and the parties. Special issue No. A was submitted, as follows:

Special Issue No. A. "From the preponderance of the evidence, what amount of money (if any) if paid now, do you find would reasonably compensate plaintiffs on account of the injuries (if any) to Mrs. Frank Wiggins proximately caused (if you have so found) by the negligence (if any) of the defendant relating to said hole?"

"Answer: By stating the amount (if any) in dollars and cents."

"In estimating said damages (if any) you may take into consideration the nature of the injuries of the said Mrs. Frank Wiggins (if any) and whether said injuries, if any, are serious and permanent or otherwise, and assess such damages (if any) as you may believe from the preponderance of the evidence will reasonably compensate for such damages (if any) that the said Mrs. Frank Wiggins sustained on the occasion in question, taking into consideration as elements of damages (if any) men-

262

tal suffering (if any), and physical suffering (if any), and disability (if any) to. perform her household duties (if any) in the past, if there have been any damages in the past, and in the future, if you find that there will be any damages in the future, proximately caused by the said negligence (if any) of the said defendant."

To this issue appellant timely objected in writing as follows: "Defendant further objects to special issue No. A of the court's charge because the evidence raises the issue that a part of plaintiff's physical and mental suffering, if any, were attributable to the menopause or to some kidney trouble or improper glasses or other physical disabilities causing severe headaches and pains, which had no connection with the accident and the court should instruct the jury in connection with special issue No. A not to consider nor allow anything for physical and mental suffering or disability to perform her household duties or loss of earning capacity either in the past or future because of so much of said above described physical condition, if any, that plaintiff, Mrs. Wiggins, had which was not an aggravation by the accident."

When this objection was presented to the court he undertook to avoid the objection by further charging in connection with said issue No. A, the following: "In connection with Special Issue No. A the court further instructs you that as heretofore stated such damages, if any, are to be limited to those proximately caused by the negligence, if any, of the defendant and you are particularly instructed not to consider or allow any damages for any physical or mental suffering or disability to perform household duties unless same is proximately caused by the negligences, if any, of the defendant and then only to the extent or per cent if any that may be proximately caused by such negligences, if any."

Mrs. Wiggins alleged in her petition, and testified as a witness, that she sustained an injury to her back and kidneys and also a severe nervous shock and had suffered from severe headaches as a result of her fall into the hole in the street. The defendant, City of Beaumont, offered evidence to the effect that Mrs. Wiggins, at and before the time of her fall, was suffering from the effects of menopause. Several doctors testified that a woman while going through the period of menopause was apt to be nervous, become incoherent at times, and· some of them would have to be sent to in-

stitutions, etc. Mrs. Wiggins testified that before the fall she was subject to frequent headaches, and that she had been advised to wear glasses for relief; that she was on the way to her daughter's home at about four o'clock that morning to get some medicine to relieve a headache with which she was then suffering. Dr. Dunn, city health physician, testified that he examined Mrs. Wiggins and that in his opinion she was in the .menopause period. It is thus seen that an issue of fact was raised as to whether Mrs. Wiggins was in menopause and suffering the results accompanying same, and as to whether before the fall she was subject to severe headaches, and whether a part of her suffering was attributable to ·her prior physical condition.

In Dallas Ry. & Terminal Co. v. Ector, 131 Tex. '505, 116 S.W.2d 683, 685, Judge Hickman, speaking for the supreme court, said: "It has long been a settled ·rule in this state that, where a plaintiff in a personal injury suit is suffering from an infirmity not caused by the accident which is the basis of the suit, and where the injuries flowing from the prior existing infirmity and those flowing from the negligence of the defendant are closely connected and intermingled to the extent that the jury might become confused and allow for improper elements of damages, the trial court should affirmatively charge the jury that plaintiff is entitled to recover only to the extent that his injuries were aggravated by the defendant's negligence." (citing authorities.)

We do not believe that the additional charge given after objection was made to the main charge, added to or clarified the charge as it was before. It simply reiterated what had already been given, that is, that plaintiff was entitled to recover only the damages proximately caused by the defendant's negligence. It did not affirma-, tively charge the jury that plaintiff was entitled to recover only to the extent that her injuries flowing from any prior infirmity, if any, were aggravated by the defendant's negligence.

The judgment is reversed and the cause remanded for another trial.

WALKER, Chief Justice, and COMBS, Justice (concurring).

■ The charge: "You are instructed that the defendant is not an insurer of the safety of persons passing along the street, but is only obligated to keep said streets

in a reasonably safe condition for the safety of persons passing thereover," was favorable to appellant, and, therefore, affords no ground for reversal. 3 Tex.Jur. 1269. The court is in agreement that the judgment of the lower court should be reversed and the cause remanded on the second error discussed by Mr. Justice O'QUINN.