MONTGOMERY et al. v. CUNNINGHAM et al.

No. 10942.

Court of Civil Appeals of Texas. Galveston.

Feb. 29, 1940.

Rehearing Denied March 14, 1940.

Henry W. Flagg, of Galveston, for appellants.

Lockhart, Hughes & Lockhart, of Galveston, for appellees.

GRAVES, Justice.

This statement. acquiesced in by the appellee as being substantially correct, after interlineation of the clause "without any objection as to either form or substance from either party", is taken from appellants' brief:

"This suit was filed by appellee in the form of an application to probate a writing purported to be the last will of Laura Adams, deceased, in the County Court of Galveston County on June 8, 1938, and which application was duly contested by appellants and others not parties to this appeal. The Probate Court denied the contest on August 2, 1938, and contestants gave notice of appeal to the District Court of Galveston County, after duly excepting to such Judgment and order. The cause was tried de novo in the Honorable 56th District Court of Galveston County on February 20, 1939, by Jury, and Judgment rendered on verdict of Jury in their affirmative answer to the one and only special issue submitted (without any objection as to either form or substance from either party), reading:

"Special Issue No. 1: 'Do you find from a preponderance of the evidence that, at the time Laura Adams' executed the purported will which has been offered for probate on this trial as her last will and testament, she possessed testamentary capacity, as that term is defined to you below?', by which judgment aforesaid the contest was overruled and such writing ordered probated. Appellants, contestants below, in due order and time filed motion for Judgment non obstante veredicto, which was overruled, and appellants' 1st amended motion for new trial, duly filed on March 3, 1939, was overruled on March 22, 1939, to which contestants in open court excepted and gave notice of appeal."

In this court appellants' sole contention is that the judgment so rendered is fundamentally erroneous and not supported by either the pleadings or the evidence, in that there is no finding by either court or jury (nor was there any such issue submitted) "that such purported will was signed and executed by Laura Adams, and such fact not appearing from the evidence as a matter of law, but the same being a contested and disputed fact, constituted a primary and independent ground of recovery indispensable to the appellees' cause of action", without which no recovery could be had.

Many authorities are cited in support of this presentment, including such cases as Mills v. Mills, Tex.Com.App., 228 S.W. 919; Citizens' National Bank v. Texas

Compress Co., Tex.Civ.App., 294 S.W. 331, writ of error refused; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084; Moore v. Pierson, 100 Tex. 113, 94 S.W. 1132; Wichita Falls & O. R. Co. v. Pepper, Tex. Sup., 135 S.W.2d 79; R.S. Art. 2185 and art. 2190, as amended by Acts 1931, c. 78, § 1, Vernon's Ann.Civ.St. art. 2190.

But upon consideration of the appeal, aided by able briefs and oral arguments from both sides, this court is of opinion that the construction appellants invoke from the cited statutes and decisions does not rule or apply to this cause, for these among other reasons:

█ (1) In the first place, the very wording of the quoted special issue, as submitted, presupposes that the will had been already "executed"—and presumptively properly so—by its predication of the question thereby propounded upon the recitation "that, at the time Laura Adams executed the purported will which has been offered for probate", etc.; especially so, in the absence of any objection of any sort to such a submission by the appellants; in other words, the trial court thereby assumed that, the will having already been properly executed, there remained but the sole inquiry as to whether the testatrix had possessed testamentary capacity in doing so; wherefore, presumptively at least, the parties tried the cause and both sides took their chance on a verdict before the jury, upon the theory that the will had been properly executed, but that there remained an issue of fact only on whether or not the testatrix had the required capacity in doing so. In that situation, under R.S. Art. 2185, supra, and this court's recent holding through Chief Justice Monteith in Galveston Theatres v. Larsen, Tex.Civ. App., 124 S.W.2d 936, 937, the objection that appellants belatedly made after the verdict was returned was waived.

█ (2) In the second place, it is not thought appellants properly construe either R.S. Art. 2190, or the cited Pepper case, supra, as applicable here, because in this instance there was on the facts no controversy over whether or not the statutory requirements with reference to the execution of this will by Laura Adams had been carried out; on the contrary, one witness—without controversion—testified to the proper execution of the will in the presence of the two witnesses thereto by the testatrix, and that they signed it as such witnesses at her request and in the presence

of each other, all formalities required by law having been complied with; in other words, it affirmatively appears that there was no issue raised over this feature by the evidence, it being undisputed that the will was so properly executed and witnessed; wherefore, this was in no sense such a disputed issue of fact as the authorities invoked by appellant have to do with, it being well settled that the courts under R.S. Art. 2190 are not required to submit matters of fact about which there is no dispute in the testimony; 41 Tex.Jur., par. 222, page 1027, and foot-note cited authorities, including Speer's Special Issues, paragraph 163, page 211.

Under these conclusions, the judgment should be affirmed; it will be so ordered.

Affirmed.