## SMITH v. YOUNG.
### No. 11142.

Court of Civil Appeals of Texas. Galveston. Jan. 23, 1941.

Rehearing Denied Feb. 13, 1941.

Albert R. Young, of Houston, for appellant.

W. P. Hamblen and W. P. Hamblen, Jr., both of Houston, for appellee.

CODY, Justice.

This is a personal injury suit brought by appellant for damages sustained in a collision which occurred between a car being driven by himself and a bread truck which was being driven by an employee of appellee. The collision occurred on November 7, 1936, at the corner of 26th Street and Airline Road within the City of Houston.

The jury answered the issues on primary negligence in favor of appellant, as they did also various issues submitted on contributory negligence. Indeed, it is apparent that appellant would have been entitled to judgment on the jury's verdict except for the jury's answer to special issue No. 17 which reads as follows: "Do you find from a preponderance of the evidence that the act of the plaintiff, David R. Smith, in driving his automobile at the time of and immediately before the collision in question, in excess of twenty miles per hour was a proximate cause, as that term is herein defined to you, of the collision in question? Answer 'Yes' or 'No'."

The jury answered the foregoing issue in the affirmative, and upon such answer the court rendered judgment for appellee.

Appellant's first assignment of error, which he submits also as a proposition of law, reads as follows: "The court erred in overruling Plaintiff's Motion for Judgment upon the verdict and entering judgment for Defendant because a proper interpretation of the verdict is for the Plaintiff in that there is no finding by the jury of any act or acts of contributory negligence of the Plaintiff and the Court was without authority to find such act or acts of contributory negligence upon mere expressions of opinion which were not binding upon Plaintiff as admissions against interest."

It is appellant's contention here, and urged under his first assignment of error, that whether appellant was driving in excess of 20 miles per hour on the occasion in question was a disputed fact issue to be submitted to the jury, and that the court, by the very form in which he submitted the issue, did himself determine a disputed fact issue, which should have gone to the jury. Of course the form of the issue does assume that it is undisputed that appellant was driving in excess of twenty miles per hour. And it is not now disputed that appellant himself testified that he was driving between 22 to 25 miles per hour. He contends, however, that his testimony related to a matter of opinion and not to matter of fact. It may be that his testimony was a mere estimate, but if it was, it was outstanding as the lowest estimate made by any of the witnesses that testified as to the rate of speed at which appellant was driving. The opinion was universal among the witnesses who testified in that connection that appellant was driving in excess of 20 miles per hour; one of such witnesses testified that he was driving 55 miles per hour. However, we do not think we need here concern ourselves with whether appellant's testimony related to an opinion or to a fact, for appellant does not claim to have objected to the submission of the issue as framed prior to the return of the jury's verdict thereon.

■ There was certainly no legal obstacle to prevent the parties trying the cause on the theory that it was not disputed that appellant was driving at the time in question in excess of 20 miles per hour, and that there remained an issue of fact to go to the jury only on whether the admitted driving by appellant in excess of 20 miles per hour was a proximate cause of the collision. And in such situation,

under Article 2185, Vernon's Annotated Texas Civil Statutes, the objection which appellant belatedly made after the verdict was returned—after both sides had taken their chances on a verdict upon such theory —was waived. Montgomery v. Cunningham, Tex.Civ.App., 137 S.W.2d 818, 819, writ refused. Neither is Article 2190 of said Statutes, nor the cases of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084, and Wichita Falls & O. R. R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, here applicable. Id. We are therefore constrained to overrule appellant's first assignment.

Appellant's second assignment of error is as follows: "The court erred in entering judgment upon the verdict because the fatal and irreconcilable conflict of answers which were given to special issues Numbers 17 and 15 were mutually destructive, rendering any judgment for Defendant based thereupon improper."

Special issue No. 17 is set forth above, and will not be here repeated. Special issue No. 15 reads as follows:

"Do you find from a preponderance of the evidence that the plaintiff, David R. Smith, failed to have his said Ford automobile under proper control at the time of and immediately before the collision in question?

"Answer 'Yes' or 'No'.

"By the term 'proper control' as used in the foregoing issue, is meant such control as a person of ordinary prudence in the exercise of ordinary care would have kept under the same or similar circumstances."

To special issue No. 15, the jury answered "No".

To special issue No. 17, the jury answered "Yes".

In connection with his second assignment of error, appellant cites the holding in Manlove v. Lavelle, Tex.Civ.App., 235 S.W. 324, 325, which was followed in Austin v. DeGeorge, Tex.Civ.App., 55 S.W.2d 585, as follows: "A vehicle may be traveling at a highly excessive rate of speed, and yet be under such control as to proceed in safety in the normal course unless some unexpected danger suddenly intervene which could not have reasonably been anticipated."

■ Appellant concedes that the quoted holding at first blush seems to be against him, but he contends that the definition of "control" given by the trial court in connection with special issue No. 15, when

considered in light of the definition given by the court of "proximate cause", distinguishes the instant case from the two cited cases, and when such distinction is allowed for, that the cited cases support his contention. We will not undertake to labor the point with appellant, for it is patent to us that the answers of special issues 15 and 17 are not necessarily in conflict. It is obvious that it may well be that the rate of speed fixed by law as the maximum lawful rate at which an automobile may be driven within a city may well be less than the rate at which a person of ordinary prudence would consider reasonable and proper in order to keep his car under control. A moment's reflection makes it manifest that the statutory limitation upon the maximum rate of speed at which an automobile may be lawfully operated is fixed for the purpose, not of defining and enforcing the control or care which a person or ordinary prudence must exercise in driving a car, but is done to change from such looser common law standard to a stricter statutory standard which is calculated to promote greater safety by laying a fixed top speed. The second assignment of error is overruled.

Appellant makes as his third assignment of error and proposition the following: "The court erred in entering judgment after the verdict of the jury for the reason that the jury in considering their verdict had recourse to and necessarily considered evidence, admissions, declarations, notations, written memoranda and documents extraneous of the record and outside of the evidence which was produced upon the trial all of which even though accidental is prejudicial as a matter of law."

Appellant complained in paragraph 7 of his motion for a new trial that, through inadvertence, his carbon copy of the court's charge had been handed to the jury along with the other papers, and taken by them in their retirement. Appellant further complains that he had made certain pencilled notations on his copy of the charge to prompt his memory in addressing the jury on said charge. Appellant contends that, under article 2193, Vernon's Annotated Texas Civil Statutes, the taking by the jury of his marked copy of the court's charge vitiated their verdict.

While the complaint referred to is made at considerable length in the motion for new trial, and it appears that the court heard and overruled the motion for a new

trial, it does not appear what evidence appellant adduced in support of his said complaint. In the absence of a statement of facts of the evidence adduced at said hearing we must assume that there was ample evidence to sustain the court's denial of a mistrial on the stated ground. So far as the record before us discloses the appellant did not prove that his copy of the charge was taken by the jury in its retirement.

If it was established that the jury did take the marked copy of the court's charge in its retirement, and if it was further established that the jury or any member read or was influenced thereby, we would be inclined to think that the fact the notations were favorable to appellant would not necessarily make the matter harmless error so far as appellant is concerned. For if the notations came to the attention of the jury and were of such a nature as was calculated to influence the jury for appellant, then had the jury found for appellant instead of for appellee, the court would upon complaint of appellee have to hold the verdict vitiated. Under such circumstances then, appellant would not have had a chance to prevail, for if he obtained the verdict, it would have been set aside at the instance of appellee. Therefore, the fact that notations may have been favorable in their nature to appellant would not prevent them vitiating a verdict based thereon. And if a favorable verdict for appellant would have been set aside at the instance of appellee an unfavorable one should be set aside at his instance.

It would serve no useful purpose to set forth the notations, and it would serve no purpose for us to express an opinion on whether said notations were of a character capable of vitiating the verdict if it had been established that they came to the attention of the jury.

The trial court's judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

A witness for appellant who was riding with him at the time testified that the rate at which appellant was driving on the occasion in question was probably 20 miles per hour. This does not affect our ruling to the effect that appellant's complaint that the court submitted special issue No. 17 to the jury comes too late.

 Appellant calls our attention to the fact that his motion for a new trial, which presents the complaint that his

marked copy of court's charge was inadvertently handed the jury, was not presented to the court, but overruled by operation of law. As we have no jurisdiction in the first instance to pass on whether there was evidence sufficient to vitiate the verdict, but can only rule on whether the trial court erred in overruling appellant's complaint that there was such evidence, we assumed erroneously that the complaint had been presented below. We are unable to sustain appellant's assignment of error in that connection because the error, if any there was, was waived. Accordingly, we withdraw the last three paragraphs of our original opinion filed herein on January 23, 1941.

Appellant's motion for rehearing will be refused.

Motion refused.