# A. J. Blaugrund v. Elton R. Gish.

No. 8164. Decided February 23, 1944.
Rehearing overruled March 29, 1944.
(179 S. W., 2d Series, 266.)

*Kemp, Smith, Goggin & White,* of El Paso, for petitioner.

The Court of Civil Appeals erred in holding that the district court properly refused to submit defendant's issues regarding plaintiff having his car under proper control; and in holding that the trial court properly refused to submit his requested issues regarding plaintiff operating his car on the left side of the road. Said court also erred in refusing to grant to defendant a new trial on account of jury misconduct due to the argument made in the jury room on issues of contributory negligence, and also in its discussion of the cost of a future operation, to plaintiff. Allen v. Denk, 87 S. W. (2d) 303; Greer v. Thaman, 55 S. W. (2d) 519; Smith v. Young, 147 S. W. (2d) 859; Whistler v. Freeman, 62 S. W. (2d) 674.

*Cunningham, Ward & Cunningham,* of El Paso, for respondent.

In reseponse to plaintiffs point of error, cite: Galveston, H. & S. A. Ry. Co. v. Waldo, 77 S. W. (2d) 326; Allcorn v. Ft. Worth & R. G. Ry. Co. 122 S W (2d) 341; Houston & T. C. Ry. Co. v. Gray, 105 Texas 42, 143 S. W. 606.

MR. JUSTICE CRITZ delivered the opinion of the Court.

In the trial court respondent was awarded damages against petitioner for personal injuries and injuries to his automobile sustained in a collision on a State highway near the City of El Paso, and the judgment was affirmed by the Court of Civil Appeals, 179 S. W. (2d) 257.

Highway No. 54 runs generally north and south. It is a broad, straight, paved highway, marked for four traffic lanes. Pierce Avenue is a dead end street beginning on Highway No. 54 and running westerly. The highway and Pierce Avenue form a T. On the occasion of the collision out of which the instant suit grew, an employee of petitioner was driving petitioner's truck north on the highway, intending to turn left on to Pierce Avenue. Respondent, who was traveling on the highway in the same direction, undertook to pass petitioner's truck on the left-hand side. The collision occurred as the truck was turning toward Pierce Avenue to its left in the path of the ongoing car.

In answer to special issues the jury found that the driver of petitioner's truck was negligent in the following respects:

(1) In failing to give a plainly visible signal to respondent before changing the course of the truck; (2) in failing to keep a proper lookout for automobiles that might be operating on the highway; and (3) in changing the course of the truck when there was insufficient space for such movement to be made in safety. Each of these acts of negligence was found to be a proximate cause of the collision. In answer to special issues regarding the contributory negligence of the respondent, the jury found: (1) That respondent did not fail to sound audible and suitable signals before attempting to pass the truck; (2) that respondent did not fail to keep a proper lookout for the truck; and (3) that respondent was not driving his automobile at a high and excessive rate of speed under the circumstances at or just prior to the collision. Upon these answers judgment was rendered in favor of respondent for the amount of damages assessed by the jury.

■■ Errors are assigned to the rulings of the Court of Civil Appeals with respect to alleged misconduct of the jury. It is made to appear that in considering the amount of respondent's damages some of the jurors discussed the matter of a future operation which it might possibly be necessary for him to undergo. We have concluded that no error was committed by the court in its ruling that this did not constitute misconduct. The questions of a possible future operation, its expense and probable results were testified to by a physician upon the trial of the case. A jury is not guilty of misconduct in discussing evidence admitted by the court upon the trial. Petitioner recognizes this to be the general rule, but takes the position that the jury violated the court's instructions in that the charge of the court withdrew from its consideration this element of damages. We do not so construe the charge. Following the special issue in which the jury was called upon to determine the damages to be awarded the charge enumerated the elements which alone might be considered, but there was no affirmative instruction given by the court in the charge, or otherwise, withdrawing from the jury's consideration the evidence with respect to a future operation, and it is not disclosed that the petitioner requested such an instruction. It is well settled by many decisions that a mere recital of the elements which a jury may take into consideration in estimating damages is not sufficiently specific to amount to an instruction to the jury not to consider improper elements raised by the evidence and closely intermingled with proper elements. Dallas Ry. & Terminal Co. v. Ector, 131 Texas 505, 116 S. W. (2d) 683; Texas Coca Cola Bottling Co. v. Lovejoy, 138 S. W. (2d) 254 (error refused) ; City of Beaumont v.

Wiggins, 136 S. W. (2d) 260 (error dismissed) ; Texas Consolidated Theatres v. Slaughter, 143 S. W. (2d) 659 (error dismissed) ; Burlington-Rock Island R. Co. v. Ellison, 134 S. W. (2d) 306 (error refused) ; Nehi Bottling Co. v. Patton, 142 S. W. (2d) 900. This evidence having been admitted by the court, petitioner should have anticipated that the jury would consider it in arriving at a verdict, and should have requested the trial court to instruct the jury affirmatively not to do so. Having failed to request such affirmative instruction, he cannot be heard to complain that the jury considered the evidence.

■ Petitioner contends that the record in this case shows that two members of this jury were guilty of misconduct while the jury was considering answers to certain issues submitting questions of the alleged contributory negligence of the plaintiff. In regard to this matter, there is evidence in this record: That after the jury had agreed on "yes" answers to the first 8 issues submitted in the court's charge, thereby convicting the driver of this truck of negligence which proximately caused the plaintiff's damages the issues submitting the plaintiff's alleged contributory negligence were taken up; that at such time the jury was divided, some for finding the plaintiff guilty of contributory negligence, and some for finding to the contrary; that at such time, and with the jury so divided, the foreman of the jury stated in substance and effect that if the jury returned "yes" answers to the questions submitting the truck's driver's alleged negligence, and then returned "yes" answers to the questions submitting the plaintiff's alleged contributory negligence, the two sets of answers would conflict, or that the answers to the second set would obviate the answers to the first set, or if they answered the first set "yes," then they had to answer the second set "no," otherwise they would throw out the answers to the first set; that when the foreman made the above statement another juror supported it, and said that he had been on the jury before, and what had been said by the foreman was correct; and that after the above statements were made the jury voted unanimously to answer the issued submitting plaintiff's alleged contributory negligence "no."

In regard to the above matter the foreman of this jury also testified as a witness, and his testimony in regard thereto in substance and effect was: That the jury agreed on "yes" answers to the first 8 questions, which submitted the truck driver's alleged negligence; that the jury then took up or began considering issues 9 through 15, they being the issues which submitted the plaintiff's alleged contributory negligence; that he

did not recall ever making a statement during the jury's deliberations to the effect that "yes" answers to issues 9 on down would invalidate the jury's verdict; that there may have been some discussion about conflict of answers, but as to deliberately making the statement attributed to him, he did not recall it; that there was some discussion about being very careful in giving answers so that there would not be a conflict; that he did not remember any discussion about "yes" answers to the issues submitting plaintiff's alleged contributory negligence conflicting with "yes" answers to the issues submitting the truck driver's alleged negligence; that there may have been such statements made, but who made them, or when made, he did not recall, and that he neither denied nor affirmed that such statements were made.

In our opinion the trial court was justified in concluding that the testimony of the foreman of this jury, above detailed, contradicted or refuted the evidence of the jurors who testified to the matters above detailed which constituted misconduct. The gist of the testimony tending to show misconduct is to the effect that the foreman of this jury said that "yes" answers to the two sets of questions above mentioned would conflict with each other, or that "yes" answers to the second set would obviate or destroy the "yes" answers to the first set, and that another juror supported the statement made by the foreman. The foreman testified that he did not remember making such statement, and did not remember the other juror making the supporting statement. This testimony came only about 17 days after the foreman and the other jurors must have made the statements attributed to them, if they made them, and if they did make them an ordinary man would have so remembered. Obviously, if the foremand did not make the statement attributed to him, it is not probable that the other juror could have made the supporting statement. It is true that this juror testified that he would not either deny or affirm that such statements were made, but in our opinion when he testified that he did not remember such statements the trial court was justified in concluding that if they were made he would have remembered them.

Petitioner contends that the Court of Civil Appeals erred in holding that the trial court did not err in refusing to grant him a new trial on account of newly discovered evidence. The Court of Civil Appeals properly disposed of this issue.

The judgments of the Court of Civil Appeals and district court are both affirmed.

Opinion delivered February 23, 1944.

## ON MOTION FOR REHEARING.

This case is now before us on motion for rehearing, filed by petitioner Blaugrund. In his motion for rehearing Blaugrund complains of the fact that in our original opinion, delivered on February 23, 1944, we did not expressly pass on certain points of error contained in his application for writ of error. In our original opinion we did not discuss these two points. We thus overruled them by inference.

■ By proper point in his application for the writ Blaugrund contends that the trial court erred in not submitting to the jury requested issues as to whether Gish, at or just prior to the collision, had his automobile under proper control; whether such failure was negligence; and whether such negligence was a proximate cause of this collision. We agree with the holding of the Court of Civil Appeals in regard to this matter. If the issue of proper control on the part of Gish was in this case, the constituent element thereof was improper speed. The issue of speed was submitted to the jury, and found against Blaugrund. This point is overruled.

By proper point in his original application, Blaugrund contends that the trial court erred in not submitting to the jury requested issues as to whether Gish operated his automobile upon the left-hand side of the public highway at a time when that side was not clear or unobstructed for a distance of 50 yards ahead of him. We assume that this requested issue had reference to Subdivision (A) of Article 801 of our Penal Code. There is no evidence in this record showing or tending to show that Gish violated the above penal statute. This is shown by the opinion of the Court of Civil Appeals, and no good purpose would be served by further discussion here.

The motion for rehearing contends that we erred in several of the rulings contained in our original opinion. We have read and carefully considered such motion touching these matters, and still adhere to the views expressed on our original opinion.

The motion for rehearing filed herein by A. J. Blaugrund is in all things overruled.

Opinion delivered March 29, 1944.