**DORSEY v. YOUNGER BROS., Inc., et al.**

No. 12036.

Court of Civil Appeals of Texas. Galveston.

Dec. 16, 1948.

Carl & Lee and Kemper, Wilson & Schmidt, all of Houston (Eugene J. Wilson, of Houston, of counsel), for appellant.

Fulbright, Crooker, Freeman & Bates, of Houston (John C. Williams and L. Keith Simmer, both of Houston, of counsel), for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 113th District Court of Harris County, entered directly and solely upon a jury's verdict in response to some 47 special-issues submitted, denying the appellant any recovery in his suit against the appellees, Younger Bros., Inc., and its driver, H. L. Hiebert, individually, for damages as resulting from personal injuries alleged to have been negligently inflicted upon him by a collision on the Houston-Alvin highway on the night of January 27, 1947, between appellant's car, driven by himself, and the appellee-Company's 15-ton, 10-wheel autocar truck, being driven by the appellee-Hiebert, the corporation's servant and employee.

The jury, in answering special-inquiries 47–A and B, had found that appellant had suffered, from the collision some $7,500 in damages at the time of the trial, and likewise another $7,500 as the cash-value at that date of the physical and mental pain he would probably further suffer in the future; but the trial court held such findings nullified by other findings in favor of the appellees, on certain special defensive-issues they had interposed.

Appellant's appeal is based upon three points-of-error, which may—substantially in his own language—be summarized as follows:

First: The error of the court in over-ruling appellant's motion for mistrial.

Second: The verdict is contrary to the evidence, in that the undisputed evidence showed that plaintiff was not in any regard contributorily negligent, that plaintiff did not fail to have his automobile under proper control at and immediately prior to the collision, and that the defendants were primarily negligent, proximately causing the accident.

Third: The misconduct of the jury, in that, upon their deliberation in reaching their verdict they discussed, considered and were influenced by: (1) A consequent belief that there existed a statutory-law, or a city-ordinance, governing the speed of vehicles under signal-lights at highway intersections, requiring operators of motor-vehicles to slow down their speed to not more than ten miles per hour, which such belief was engendered by the discussion of one of the jurors, of his own personal knowledge, of such "laws and city ordinances," when the court had not charged upon the matter in any way;

(2) The subject of the plaintiff's having already been indemnified to some extent by an insurance-policy carried by him upon his person and property, although there was no evidence in the trial to that effect, and no insurance-company was a party to this suit;

(3) The unsworn expert evidence of a fellow-juror as to the ability of a driver of any truck of the size and design of that being operated by the defendants to negotiate a turn to the left, or right, said juror basing such statements purely upon its own personal and individual experience with trucks; and

(4) By the unsworn-testimony of one of said jurors concerning the nature, extent, and suffering connected with the mending of broken-bones as a result of injury, and the exhibition by one of the said jurors of his own injured-arm to other members of the jury, with statements concerning the effects thereof.

It is held that none of these present-ments point out reversible error.

In the first place, as is readily inferable from its length, the trial court literally cross-examined the jury back and forth over the whole gamut of the questions-of-fact deemed by it to have constituted the controlling questions-of-fact raised by the pleadings and the evidence.

When reference under the first point is made to the record, it is found that appellant's "motion for mistrial" was based upon the ground of an "irreconcilable conflict between the jury's findings as to control, speed, and lookout," and not that the submission of the one issue of "control" rendered improper or immaterial that of the other two as to speed and lookout.

Accordingly, he cannot be heard on appeal to rely upon the claim now presented for the first time that the submission of the one issue of "control" rendered improper or immaterial the other ones. In other words, if there was an error in this respect, it was waived, since the trial court had no opportunity, by the failure to present such an objection there, to correct it. Rule 374, Texas Rules of Civil Procedure; Daniel v. Fry, Tex.Civ.App., 195 S.W.2d 155 (error ref., n.r.e.).

At much length, however, the appellant's brief contends that the issue of "control," as given by the court, was the ultimate issue-of-fact in the cause, and that the issues of "speed" and "lookout" were merely subsidiary and evidentiary, hence as such should not have been submitted below, and should now be disregarded upon appeal.

This very earnest and extended contention presented by him here—that such a conflict did exist between the different findings on the issues of control, speed, and lookout, to the extent of complete nullification of the jury's verdict as a whole—is held not to be sound, under our authorities; in other words, it seems to this court to have been bindingly held in our Texas cases the other way, and consistently so.

That is to say, as the submissions were made here, the jury's finding of excess speed does not conflict with a mere *failure to find* that there had been improper

control, which was all the two allegedly contradictory findings in this case amounted to. Manlove v. Lavelle, Tex.Civ.App., 235 S.W. 324; Smith v. Young, Tex.Civ. App., 147 S.W.2d 859; Austin v. De George, Tex.Civ.App., 55 S.W.2d 585 (error dism.); Rankin v. Joe D. Hughes, Tex.Civ.App., 161 S.W.2d 883 (writ ref WOM); Akers v. Epperson, Tex.Civ.App., 172 S.W.2d 512, C. Q. answered, 141 Tex. 189, 171 S.W.2d 483, 156 A.L.R. 1028; Blaugrund v. Gish, Tex.Civ.App., 179 S.W. 2d 257, affirmed 142 Tex. 379, 179 S.W.2d 266.

■ Wherefore, the existence of such a conflict on direct findings—as so opposed to each other—having been thus, as a matter of law, determined not to have occurred or resulted, and both excess speed and improper lookout—as well also as the defensive-issues on proximate cause—having been found against the appellant, the trial court was fully justified in thereupon determining that the appellant had been contributorily negligent, hence could not recover upon that account. Stehling v. Johnston, Tex.Civ.App., 32 S.W.2d 696, at page 697 (writ refused).

■ There further can be—in this Court's opinion—no doubt that such adverse-issues to the appellant were sustained by sufficient evidence, hence this Court is in no position to reverse the judgment on the ground that the verdict on that feature had been so against the overwhelming weight and preponderance of the evidence as to be clearly wrong. Appellees' truck was, as indicated supra, a 15-ton, 10-wheel auto-car, 9 feet high, with 9 lights visible from the front—"the two headlights, the cab lights, one on each fender, and then two on the sides of the truck". Mr. Dorsey testified as follows:

"Q. How close were you to the truck when you finally saw something more than just the two headlights, which you say now was the outline of the truck? A. Oh, I would judge about, oh, about as far as from here to the railing there.

"Q. This railing right here? A. About that far. Possibly more; possibly less.

"Q. I will step this off. Seven steps from where you sit to the railing. You say that would be about when you first saw the dim outline of the truck behind its headlights. Now, then, at that time the truck had already started to cross the black line, hadn't it; in fact, was in the act of crossing it when you finally saw the outline of it? A. It had swerved out.

"Q. And a portion of it had already crossed the black line, hadn't it? A. It had swerved out; made the swerving motion."

Appellant's claims for "improper conduct," after close examination of the record concerning them, are held not to have constituted "misconduct," within the meaning of new Rule 327, and such authorities as Maryland Cas. Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62; Akers v. Epperson, Tex.Civ.App., 171 S.W.2d 483; Blaugrund v. Gish, 142 Tex. 379, 179 S.W.2d 266; Menefee v. Gulf C. & S. F. Co., Tex.Civ. App., 181 S.W.2d 287 (err. ref.); Balque v. Green, Tex.Civ.App., 193 S.W.2d 705 (err. ref., n. r. e.).

The trial court merely found, with reference to them, this:

" * * * one of the jurors suggested that there was either a state law or city ordinance requiring a motor vehicle to slow down while going through a caution light, but that he made no definite statement of the maximum rate of speed provided for by any such state law or city ordinance.

"It is further found that these comments were so vague and indefinite that they were not material, and it does not appear that any injury resulted therefrom to the plaintiff J. W. Dorsey."

■ It clearly appears, it is thought, that none of these declared-upon statements constituted such "other testimony" as to come within the denouncement of misconduct in our Texas procedure; rather, did they only amount to a re-statement in the jurors' own words of the testimony they had individually heard from the witness-stand during the trial; that certainly did not amount to what the Supreme Court held to have been a requisite of misconduct

298

in the Aker case, just cited. None of them "laid a predicate of expertness" as to what he said; in other words, there was no semblance to being an expert, or testifying as an expert, in what these jurors were alleged to have declared.

Finally, on this subject, it is not claimed that any jurors' statements of any kind were made during their consideration of their verdict on the "lookout" issue.

■ As suggested above, the jury's findings with reference to appellant's conduct on that account would alone support the trial court's holding that he had been found guilty of contributory negligence. Stehling v. Johnston, Tex.Civ.App., 32 S.W.2d 696 (writ refused, supra.); Thompson v. Railway Express Agency, Tex.Civ.App., 206 S.W.2d 134.

The judgment will be affirmed.

Affirmed.