## CRAWFORD v. DETERING CO. et al.
### No. 12210.

Court of Civil Appeals of Texas. Galveston.
Oct. 12, 1950.

Rehearing Denied Nov. 9, 1950.

Shirley M. Helm, Frank T. Abraham and W. J. Kronzer, Jr., all of Houston, Helm & Jones, of Houston, of counsel, for appellant.

Frank J. Knapp and Dan E. Walton, of Houston, Butler, Binion, Rice & Cook, of Houston, of counsel, for appellees.

GRAVES, Justice.

Appellant sued the appellees for damages for personal injuries, alleged to have been sustained by him in a collision between his automobile—driven without negligence by himself—and the appellees' truck—negligently driven by their employee—on the highway between Channelview and Baytown, in Harris County.

The trial court submitted what it determined to be the material issues of fact developed by the parties under their pleadings and supporting evidence to a jury, in forty-five special issues.

The jury answered all of such extended and detailed inquiries, whereupon the court, determining the findings to have been favorable to the appellees and adverse to the appellant, duly entered its original judgment upon such verdict in favor of the appellees and adversely to the appellant, to the purport that he take nothing from them by reason of such suit, and that they recover the costs they had expended therein.

Appellant thereupon filed his motion for a new trial, alleging that the jury while deliberating upon what should be its answer to special issue No. 39, which had been so submitted to it, had been guilty of improper and prejudicial conduct toward him in re-ceiving, and being influenced by, improper testimony from the juror Landis, as to his own expert knowledge concerning the length of time a bus or truck, traveling at a certain speed, could be stopped on the highway.

The court, after extended hearing thereon, overruled such motion for a new trial.

From those adverse decrees to him below appellant presents this appeal, which, in a single point of error, he limits to this one question of law, to-wit: "The juror Landis, while the jury was deliberating and discussing the answer that should be given to Special Issue No. 39, testified, in the presence of all the jurors, as to his expert knowledge and opinion concerning the length of time it would take a bus or truck to stop on a highway, traveling at a certain rate of speed, which testimony was not before the jury from any other source, and was not knowledge common to the public in general, and same constituted material misconduct calculated to and probably resulted in an improper verdict in this cause."

In support of that position these authorities, among many others, are cited: Rule 327, Texas Rules of Civil Procedure; Art. 2234, R.C.S.; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Motley v. Mielsch, 145 Tex. 557, 200 S.W.2d 622; Traders & General Ins. Co. v. Lincecum, 130 Tex. 220, 107 S.W.2d 585; Garza v. San Antonio Transit Co., Tex.Civ.App., San Antonio, 1944, 180 S.W.2d 1006, 1008; Long v. Galveston Electric Co., Tex.Civ. App., Galveston, 1933, 59 S.W.2d 228, 230; Dorsey v. Younger Bros., Inc., Tex.Civ. App., 216 S.W.2d 294, and Akers v. Epperson, 141 Tex. 189, 171 S.W.2d 483.

The appellees, in turn, reply thereto with this counterpoint: "The trial court correctly held that statements made by Juror Landis did not amount to 'other testimony' so as to constitute misconduct, nor was the related matter material, or probably injurious to Appellant."

They cite as their supporting authorities these, among many others: Rule 327, T.R. C.P.; Tex.Jur., Vol. 7, 10-yr. sup., page 581; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Blaugrund v. Gish, Tex.

Civ.App., 179 S.W.2d 257, affirmed by Supreme Court in 142 Tex. 379, 179 S.W.2d 266; Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143; Frazer v. State, 99 Tex.Cr.R. 89, 268 S.W. 164, 165; Blue Diamond Motor Bus Co. v. Hale, Tex.Civ. App., 69 S.W.2d 228; Goode v. Ramey, Tex.Civ.App., 48 S.W.2d 719 and Fox v. Houston & T. C. Railway Co., Tex.Civ. App., 186 S.W. 852, no writ.

In view of such limitation upon the appeal, it is deemed unnecessary to cite more of the extended proceedings below. This Court is constrained to hold that no reversible error has been shown. The trial court literally cross-examined eleven of the jurors upon hearing of the motion for new trial, touching every detail of the controversy thus had between the parties, and filed full findings of both fact and law, in support of its order overruling the motion for new trial, after reciting the substance of Special Issue No. 39 as, " * * * inquiring of the jury whether the driver of the defendant's truck discovered and realized the plaintiff's position of peril in time to have avoided the accident in question with the use of the means at hand, commensurate with his own safety and the safety of his vehicle, * * *."

The court stated these, as its determinative findings, upon the matter:

"5. At this stage of their deliberation, and while the jurors were awaiting to go out to lunch, one or more of the jurors turned to Mr. M. E. Landes, who was known to be a bus-driver by occupation, and asked Mr. Landes how long it takes to stop a bus.

"6. Mr. Landes, in response to the inquiry, told about some tests which his Bus Company employer made to test mental reactions of prospective employees. He stated that two sulphur guns would be placed on the bumper of the bus and after it had attained a speed of more than 30 miles per hour, a passenger would pull a string and explode one of the guns, which would leave a mark on the pavement. The explosion would also be a signal for the bus driver to try to stop the bus. When an application of the brakes was made, the second gun would explode automatically, thus making another mark on the pavement. The distance between the marks on the pavement and the pace where the bus would come to a stop would indicate the reaction time of the driver, and also the distance it would take to stop the bus. Landis made the statement: 'You would be surprised how far it takes a bus to stop'. He also stated that a bus has airbrakes and can stop quicker than a truck, which has hydraulic brakes.

"7. The discussion by Mr. Landes took about three minutes, and shortly thereafter the jury went to lunch.

"8. Upon their return from lunch the jury, after some further discussion, voted again on Issue No. 39, and answered unanimously in the negative."

The authorities cited, supra, by the appellees convince this Court that no violation of the purpose and intent of Rule 327, T.R.C.P., as analyzed in cited volume 7, 10-year supplement, page 583, of Texas Jurisprudence, resulting in injury to the appellant occurred in this instance; indeed, since, under the authorities last cited supra, the trial court's stated findings upon what occurred in the jury room must be literally accepted here—there being evidence in the record to support each of them—there remains for this Court's arbitrament the sole inquiry of whether or not it reasonably appears that—in those detailed circumstances —injury probably resulted to the appellant by reason of the conduct of the juror Landis, which is an inference this Court finds it is unable to make.

As indicated, all the eleven jurors— so interrogated upon the new trial hearing —stated that they were men of ordinary avocations and experiences, and as such were auto drivers themselves; they had their own ideas and experiences with reference to how long it would take in given circumstances to stop any kind of an automobile, whether it was a bus, a truck, or an ordinary passenger car. Under oft-repeated rules applied and construed in the cited cases touching this subject, it is held that these jurors were in position to use their own common knowledge, intelligence, and experience with automobiles in life, which

were every day habits to them, and that, as the accumulated effect upon their minds, they may. not be held to have improperly so departed from their duties as jurors as to have been so far toppled over by the response of Mr. Landis to the questions of the others of them as to have wholly lost sight of their own individual reactions to the effects in evidence before them, and to have acted in rendering their verdict upon the mere illustrative statements Mr. Landis at their request gave them.

Without further discussion, it is held that the judgment should be affirmed. It will be so ordered.