## HOUSTON FIRE & CASUALTY INS. CO. v. MILLER et al.

### No. 4774.

Court of Civil Appeals of Texas. El Paso.

Dec. 13, 1950.

James Little, Big Spring, for appellant.

York & Schubert, Hobbs, N. M., Bob Huff, John H. Splawn, Jr., both of Lamesa, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Andrews County, Texas. J. T. Miller, hereinafter called plaintiff, sought to set aside a finding of the Industrial Accident Board to the effect that he was not entitled to compensation. The insurance carrier was Houston Fire & Casualty Insurance Company. The trial was to the court with a jury, submission on special issues. The jury found in substance that plaintiff sustained an accidental personal injury to his body on or about May 18, 1949; that at the time he sustained such injury he was working as an employee of M. J. Delaney; that the in-

jury was received in the course of his employment; that the accidental injury resulted in total and permanent incapacity; that at the time plaintiff received his injuries he had worked in the same employment in which he was then working for the same or some other employer substantially the whole year immediately preceding the injury; that his average weekly wage for the year preceding his injury was $67.30 per week. On this verdict the court rendered judgment that plaintiff recover from the defendant in the sum of $25.00 per week dating from May 18, 1949, for a period of 401 weeks from said date. One-third of this amount was awarded to the attorneys for the plaintiff.

Defendant duly perfected this appeal from the judgment. This appeal is before us on one point of error, which is as follows: "The court erred in refusing to set aside the verdict of the jury and grant a new trial on the ground of newly discovered evidence, in that during the trial of the case the plaintiff falsely testified he had worked 315 to 320 days during the year immediately prior to his accident, which evidence was not contradicted, such work having been performed for four employers, M. J. Delaney Company, Drilling & Exploration Company, Inc., W. H. Black Drilling Company and Ralph Lowe, and subsequent to the trial, defendant learned for the first time that plaintiff had worked only 163 days during the year preceding his accident for such employers, and secured affidavits to such effect, and attached same to its amended motion for new trial."

The point discloses in substance what the newly discovered evidence was claimed to be. It is claimed that plaintiff falsely testified that for the year elapsing next prior to the date of his accident he had worked for between 315 and 320 days, when in truth and in fact he had only worked 163 days. In substance plaintiff did testify that to the best of his knowledge and belief he had worked from 315 to 320 days during the relevant period. The affidavit of persons keeping the records for

plaintiff's employers during said period showed that he had only worked 163 days. On his cross-examination plaintiff stated the names of his employers during such year and estimated the various periods of time he had worked for each. The sole relevancy of this testimony was to fix the rate of weekly compensation of plaintiff to the end that if entitled to compensation from the defendants it might be determined at what rate.

Beyond question this testimony was the basis for the jury's finding that the plaintiff at the time of his injuries had worked in the same employment in which he was then working for the same or some other employers substantially the whole of the year immediately preceding the injury. In connection with the Special Issue submitting this matter the jury was charged that by the term "whole of the year" is meant exactly 300 days or close to or near to 300 days, that it might be slightly more than 300 days or slightly less than 300 days. In our opinion 163 days is not substantially the whole of the year as used in the Workmen's Compensation Act. Vernon's Ann. Civ.St. art. 8306 et seq.

The trial court heard the testimony and overruled the motion for a new trial. This being the case we think there must be a finding attributed to the trial court that the testimony of plaintiff was not knowingly false. It inherently appears from the plaintiff's testimony that he had little certain knowledge of the exact number of days he had worked, but purported only to give his best estimate thereof, his memory having been refreshed by incomplete data.

■ The matter of overruling the motion for a new trial on the ground of newly discovered evidence is largely left to the discretion of the trial court. It is true that this is a judicial discretion and an appellate court will relieve from an arbitrary abuse of this discretion. 31 Tex. Jur. 90, par. 81; Employees Lloyds v. Schott, Tex.Civ.App., 183 S.W.2d 262; Moffett v. Texas Employers Ins. Ass'n, Tex.Civ.App., 217 S.W.2d 142, W.R.N.R.

E.; Blaugrund v. Gish, Tex.Civ.App., 179 S.W.2d 257, affirmed 142 Tex. 379, 179 S.W.2d 266.

 We take it that it is elementary that in an order that a new trial be granted on the ground of newly discovered evidence that such evidence be what its name imports. If the complaining party had notice of the existence of such evidence prior to the trial then it is not newly discovered evidence. On the hearing of the motion for a new trial when this ground was urged, defendant offered in evidence the affidavits of the witness keeping the records for the various employers of plaintiff. Plaintiff placed on the stand James Little, Esq., one of the attorneys for the defendants herein. Referring to the time after Mr. Little had been employed, this question was asked him:

"Q. You had four adjusters, investigators, on this case, did you not? A. Well, we had Pete E. Turner & Company, over at Midland, to investigate it, and it so happened Pete E. Turner himself did a little checking, I believe, and then he had a man by the name of McDonald who works for him, and a man by the name of Abbott. Those were the ones who investigated it. They are all employees of Pete E. Turner & Company, and I believe there were three of them."

After plaintiff had testified the witness stated all investigation was handled through the Pete E. Turner Adjustment Company. Throughout the trial counsel for the defendant had a man from the Pete E. Turner office by the name of McDonald. Witness further testified that Pete E. Turner had not furnished him with any information regarding plaintiff's work for the 12 months or any time during the 12 months before his injury. Bob Huff, Esq., attorney for plaintiff, testified on behalf of plaintiff. He said that in January or February of this year Mr. Pete Turner called on him in connection with a settlement in the Miller case, at which time he advised him that they had watched this man very closely and were watching him at that time; they knew what he was doing, and that they were going to surprise him

at the trial of the case, and he stated further that the man was working more since his accident than he was before and that they had checked that thoroughly, at which time he made an offer of settlement in the case. It appears that Mr. Pete Turner was the employee of defendant; the scope of his authority does not appear other than that he was investigating the facts of the case. It appears from the record that Mr. Pete Turner was the manager of an insurance claims service. Whether he had specific authority to settle and adjust this claim does not appear. This was a matter in the knowledge of defendant and of Mr. Turner. Defendant's counsel did not deny he had authority to make the declaration. Mr. Turner did not testify upon the point. In our opinion knowledge coming to agents of the company in the course of the discharge of their duties as such agent is the knowledge of the company. If Mr. Huff's testimony is true, Mr. Pete Turner used as an argument to bring about a settlement that the plaintiff had worked more days since the accident than he had before. In our opinion there is sufficient evidence to warrant an inference that Mr. Pete Turner, when he made this declaration was acting in the course of his employment for the defendant. The trial court was, we think, justified in drawing the inference that Mr. Pete Turner as agent of the defendant had knowledge of the amount of time that plaintiff had worked in his employment during the year preceding his alleged accidental injury. This despite his affidavit that he did not have such knowledge. The burden was, we think, upon the defendant to negative the fact of notice of the facts in regard to plaintiff's work record for the relevant year. If Mr. Huff told the truth as to Mr. Turner's declaration to him it might be reasonably inferred therefrom that Mr. Turner did know as to these facts. Mr. Turner was the head of a claims service. It appears that this claims service of Mr. Turner's had been employed by the defendant from the time plaintiff's claim was filed with the Industrial Accident Board. In our opinion the evidence is sufficient to justify the trial

court in finding that Mr. Turner in making this declaration to Mr. Huff was acting in the course of his employment.

One of the matters largely confided to the discretion of the trial court is as to whether the testimony would have probably brought about a different result. 31 Tex.Jur. 107, par. 95. Plaintiff's pay for the time he did work was at the rate of about $100.00 per week. It is reasonable to infer, we think, that had another method been adopted in arriving at plaintiff's average weekly wage the result could not have been different. The maximum compensation he was entitled to was $25.00 per week for 401 weeks. It is more than probable that had a different method been employed, the method claimed by the defendants under the facts, that he would have been entitled to the maximum compensation. This under the evidence claimed to have been newly discovered. It further appears that defendant prior to the trial carefully investigated as to his work record subsequent to his accident and to some extent prior to the accident, but for some reason failed to investigate his work record for the relevant year elapsing immediately preceding the accident. It is thought it not appearing plaintiff's testimony was knowingly and willfully false, that defendant was not excused from exercising diligence to discover the testimony relied upon as newly discovered testimony. The record shows there was entirely wanting anything in the way of diligence to discover this testimony prior to the trial. The means of discovery were as available to defendant before the trial as after.

In our opinion the trial court did not abuse its discretion in overruling this motion for a new trial. No error appearing in the record it is ordered that the judgment of the trial court be in all things affirmed.

McGILL, J., not participating.