Stella S. JACKSON et vir, Appellants,

v.

Elbert C. FEELER, Appellee.

No. 11211.

Court of Civil Appeals of Texas.

Austin.

June 10, 1964.

Rehearing Denied June 24, 1964.

Hardeman, Smith & Foy, Justin A. Kever, San Angelo, for appellants.

Lewis, Blanks, Thigpin, Logan & Steib, Upton, Upton, Griffis, Shannon & Porter, San Angelo, for appellee.

PHILLIPS, Justice.

This is a suit for damages arising out of an automobile collision at the intersection of 40th Street and Bowie in San Angelo.

Upon a favorable verdict, the Trial Court entered judgment for the plaintiff. We affirm the judgment of the Trial Court.

Bowie Street lies in a north south direction while 40th Street intersects it from east to west. Mrs. Jackson, the defendant below and the appellant in this Court, was driving east on 40th; the plaintiff below and appellee here, Mr. Feeler, was driving north on Bowie. The accident occurred when the appellant drove her car into Bowie and there was a collision between her pick up truck and appellee's automobile.

There was a stop sign at the corner of 40th and Bowie and the evidence is uncontradicted that appellant did not see the stop sign; however, there is conflicting evidence as to whether she stopped at the sign.

Appellant testified that she stopped at the sign; however, she also testified as follows:

"Q. All right. And that was after you stopped here (Indicating on blackboard)?

"A. Yes.

"Q. About where did you stop, Mrs. Jackson?

"A. I was over kind of to the left on 40th Street, because there was two little tiny boys back down, stand-

ing on the street; one of them was on the curb and the other one was away out, little bitty fellows.

"Q. Back right in here (indicating)?

"A. Yes; and I was going real slow, and I just slowed down, slowed down and looked both ways and didn't see anything, and turned to the right. Now, that is all that I can tell you, except when we hit and the next thing I knew I was facing north. * * *

"Q. It is your testimony you did come to a complete stop?

"A. I think I did; I changed gears, and—

"Q. Do you know now? Of course, that is important. Do you remember now whether you did come to a stop, a complete stop; or is the correct answer that you are not sure?

"A. I had to come to a stop.

"Q. You had to come to a stop?

"A. I changed gears, but I still didn't see the stop sign; but you are supposed to stop and wait. And I just looked and didn't see anything, and turned to the right. * * *

"Q. You just kind of came to a rolling stop and then changed gears and turned to the right; is that right?

"A. I stopped enough to look to see if there wasn't any cars coming and I didn't see one, and I put it in low and I changed gears and turned to the right. Now, that's all I can tell you, and the next thing I knew I was—* * *

"Q. I see. Mrs. Jackson, I am going to stop asking you questions in just a minute, maybe one or two more questions and we will be through. You say when you came there to the stop sign that you changed gears, do you remember whether you changed into low or into second gear, do you remember how you changed gears?

"A. I think I changed in second.

"Q. You feel you came to a complete stop because you changed gears at the time, is that correct?

"A. Yes.

"Q. All right.

"A. I was watching these little boys. I didn't want to hit one of them because I had just been to see one."

In addition to the above testimony, a witness Ricks who had been driving directly behind the plaintiff testified that appellant had failed to stop at the stop sign.

Further testimony admitted over appellants' objection was as follows:

"Q. (to Mr. Ricks) Will you state to the jury what this person you do not know his name but he made the statement to Mrs. Jackson immediately after the collision occurred, what that statement was?

"A. He asked her if she didn't see that stop sign; and he asked her, said, 'Did you know that you run a stop sign?' And I heard Mrs. Jackson say, 'Well, I was looking at some boys on a bicycle.'"

This last reported conversation allegedly took place at the scene of the accident some five minutes after it happened.

The defendants' witness Edwards testified that the plaintiff had passed his auto about a block before reaching the intersection in question and that when the collision occurred, the plaintiff was still in the left hand lane. Two police officers testified that due to the position of the cars, the debris about the scene and the tortion marks on the pavement, that it was their opinion that the point

of impact was well within the right hand lane.

As to speed there is testimony that appellee was driving 20 miles an hour and other that he was driving thirty miles an hour. There is testimony that the appellant turned slowly into 40th Street and other that she was driving approximately 25 miles an hour as she turned into the street.

The jury found that appellant failed to keep a proper lookout, and that such was the proximate cause of the accident, that she failed to apply her brakes in sufficient time to prevent the collision, that such failure was not negligence. That appellant failed to stop her vehicle before entering the intersection, that such was negligence and the proximate cause of the accident. That she failed to yield the right of way to the appellee, that such was negligence and the proximate cause of the accident. That appellant failed to sound her horn, however that this was not negligence. The jury found that appellant had not driven her car at an excessive rate of speed.

As to appellee, the jury found that he failed to keep a proper lookout; however, that this was not the proximate cause of the collision. That appellee failed to apply his brakes in sufficient time to prevent the accident, however, that this was not negligence. That appellant's vehicle entered the intersection before appellee. That appellee failed to yield the right of way but that this was not negligence. That appellee failed to sound his horn but this was not negligence. That appellee was not driving at an excessive rate of speed. That appellee was not in the left lane at the time of the collision. That he failed to turn his truck to the right but that this was not negligence. That the collision was not the result of an unavoidable accident.

Appellants' first assignment of error is that the Trial Court erred in overruling defendant's motion for judgment and overruling appellants' motion non obstante veredicto, and overruling their motion for a new trial for the reason that the verdict is contrary to the great preponderance and weight of the evidence.

■ We overrule this point. The jury is the trier of the facts and there was ample evidence to sustain their findings. From the testimony outlined above and from the answers to the special issues submitted, it is apparent that the jury believed that appellant failed to stop at the stop sign and while watching the young children playing at her right near the intersection, drove her car into the intersection without keeping a proper lookout for the oncoming plaintiff. That while the plaintiff himself had failed to keep a proper lookout, he could not have prevented the accident.

Appellants' second point of error is that of the court in permitting witness Ricks, over timely objection, to relate a purported statement by some third party. This is in regard to the testimony set out above where appellee's witness Ricks was allowed to testify that he heard an unidentified party at the scene of the accident and some five minutes after it had happened ask Mrs. Jackson (appellant) "Did you know that you run a stop sign?", to which Mrs. Jackson answered "Well, I was looking at some boys on a bicycle."

■ The declarations objected to are hearsay; however, we hold that they are admissible as an exception to the rule and res gestae. In McCormick and Ray, Texas Law of Evidence, Vol. 1, Sec. 924, p. 707 we find the following:

"The confusion of the present exception with cases of so-called verbal acts, i. e., declarations which are themselves material as being operative facts has led some courts to lay down the requirement that Spontaneous Declarations are only admissible when uttered by one who participated in the exciting happening, and this has found expression in some Texas decisions. Such a doctrine of course would exclude bystanders' utterances. The requirement, how-

ever, with the recognition of the true basis of the admission of these declarations, has largely been abandoned as it has little relation to the reasons underlying the admission of the evidence, for the excitement caused by a startling event is by no means limited, as a rule, to the actual participants. Our decisions now clearly recognize this, and correctly admit spontaneous declarations of non-participating onlookers." (Citing cases.)

See Carrick v. Hedrick, Tex.Civ.App., 351 S.W.2d 659.

In the case at bar, the argument for the statements being considered as res gestae is stronger in that a pertinent part of the statements come from the appellant herself, an actor in the chain of events and in itself clearly a part of the res gestae. If the bystander, for purposes of argument, had not been present at the collision, but had asked her immediately thereafter whether she had stopped at the sign, her spontaneous answer would still be pertinent, and, we believe, admissible. We overrule appellants' second point.

Appellants' third point of error is that of the court in refusing to submit appellants' issue as to whether appellee had his automobile under proper control with the related issues of negligence and proximate cause.

■ We overrule this point under the authority of Blaugrund v. Gish, Tex.Civ. App., 179 S.W.2d 257; Id., 142 Tex. 379; 179 S.W.2d 266, loc. cit. 269; Triangle Cab Co. v. Taylor, 144 Tex. 568, 192 S.W.2d 143. The Trial Court gave the defendant an affirmative submission of each and every constituent element of the general special issue of failure to maintain proper control. These issues were plaintiff's failure to keep a proper lookout, his failure to apply his brakes, his failure to yield right of way to defendant, his failure to sound his horn, question as to his excessive speed, his driving to his left side of the center of the roadway, his failure to turn his truck to the

right. Here, all the constituent elements of control under the pleading and evidence were submitted.

The judgment of the Trial Court is affirmed.

Affirmed.